UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA** )
                             )
                             )
         v.                  )      CRIM. NO. 05-10237-MLW
                             )
**ANTOIN QUARLES COMBS**     )


### GOVERNMENT'S MOTION IN LIMINE RE: ADMISSION OF
### LIMITED EXCERPTS OF BOSTON POLICE DEPARTMENT TURRET TAPES

The government hereby moves in limine for an order allowing it to introduce into evidence and play to the jury the limited portions of the Boston Police Department turret tapes from May 23, 2005 as indicated on the draft transcripts attached as Exhibit 1.[1] The statements at issue were made by Officers Dean Bickerton and Jack Conway to the BPD Dispatcher during (or immediately after) their violent struggle with the defendant in order to wrest a gun (that he threatened to use against the officers) from him. Because the statements are therefore admissible as either excited utterances or present sense impressions, the government's motion should be allowed. E.g., United States v. Campbell 782 F.Supp. 1258, 1261 (N.D. Ill

---

[1] The transcripts were prepared by the undersigned and provided to defense counsel but have not been specifically reviewed by the officers. The government is also this day providing (and has previously provided defense counsel with) copies of the excerpted audio CD's so the court can itself assess the emotional state of the officers at the time the statements were made. The government will prepare final transcripts before trial and will confer with defense counsel on any transcription issues that may arise.

1991)(statements made by police officers to dispatcher after witnessing shooting and during chase admissible as excited utterance or present sense impressions); <u>United States v. Morrow</u>, 2005 WL 3163803, *3 (D.D.C.) (" [A] variety of courts across a multitude of jurisdictions... have collectively concurred that ...police dispatches are admissible under the present sense impression and excited utterance exceptions to the hearsay rule"); <u>United States v. Obayagbona</u>, 627 F.Supp. 329, 339 (E.D.N.Y.1985) ("Law officers are subject to strain and excitement, much like people in other walks of life.").

## **DISCUSSION**

The statements at issue are captured on the CD's and transcripts being filed along with this memorandum.[2]  In the first CD,(marked as "Conway"), Officer Jack Conway can he heard calling in for support as the incident is taking place.  Although his voice is calm and professional when he first asks for back up, he then yells loudly as the incident escalates int the extremely dangerous situation it was.  His voice reflects the tension and stress that the defendant's possession of the gun and his efforts to remove it form his waistband produced.

The second CD contains statements made by Officer Bickerton immediately after the defendant had been subdued.  Bickerton is obviously winded and his description of what has just taken place

---

[2] As indicated, the transcripts are attached, the CD's will be delivered to the Clerk's Office.

also reflects the strain of a violent and stressful situation.

These excerpts are admissible on two independent grounds. Both involve descriptions by the officers of what is taking place (the discovery of the gun and their efforts to recover it) as the events were unfolding (in the case of Conway) or immediately thereafter (Bickerton's statements) and are therefore admissible as present sense impressions.  Because of the stressful nature of the events and the excitement they produced in the officers, both CD's are also admissible as excited utterances.[3]

A. **Present Sense Impression**.  Under Fed. R. Evid. Rule 803(1), present sense evidence is admissible where: (1) the statement describes or explains the event at issue; (2) the declarant observes the event; and, (3) the statement is substantially contemporaneous with the event.  Fed.R.Evid. 803(1), Advisory Committee's Notes; 5 Weinstein & Berger, Weinstein's Evidence ¶ 803(1)[01] (2000 ed.).  See also United States v. Collins, 60 F.3d 4 (1st Cir. 1995).  A statement that meets these requirements is generally regarded as trustworthy, because the " 'substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication.' " United States v. Parker, 936 F.2d 950, 954 (7th Cir.1991).

The statements at issue here are exactly what the rule

---

[3] Because both officers will be available to testify, the admission of this evidence raises no Crawford issues.

contemplates. Both CD's involve descriptions of what was taking place as the officers experienced it or in its immediate after the event concluded. They will confirm the struggle and the gun and therefore fully corroborate the officer's expected testimony. Conway's statement is of course made during the event and is therefore a classic example of a statement admissible on this basis. Although Bickerton's statement was made immediately after the defendant had been subdued (the effect of the struggle can be heard in his voice), this does not affect the admissibility. E.g., First State Bank of Denton v. Maryland Casualty Co, 918 F.2d 38, 42 (5th Cir.1990) (statements made "on the heels" of the event are admissible); United States v. Peacock, 654 F.2d 339, 350 (5th Cir.1981) (statements of deceased declarant when made with "substantial contemporaneity" with the event); United States v. Blakey, 607 F.2d 779, 785-86 (7th Cir.1979) (statements made between six and twenty-three minutes after event admissible).

   **B. Excited Utterance**. The excerpts from the turret tapes from Conway and Bickerton are alternatively admissible as excited utterances under Fed. R. Evid 803(2).[4] Rule 803(2) creates a second hearsay exception for "statement[s] relating to a startling event or condition made while the declarant was under

---

   [4] Because the excited utterance exception is based upon "the psychological impact of the event itself" and not upon the contemporaneity of the startling event and the declarant's statement, the exception "permits [the] admission of a broader range of hearsay statements [than the hearsay exception for present sense impressions]." United States v. Jones, 299 F.3d 103, 112 n. 3 (2d Cir.2002).

the stress of excitement caused by the event or condition." Fed.R.Evid. 803(2). Its rationale is that "excitement suspends the declarant's powers of reflection and fabrication, consequently minimizing the possibility that the utterance will be influenced by self interest and therefore rendered unreliable." United States v. Brown, 254 F.3d 454, 458 (3d Cir. 2001), cert. denied, 535 U.S. 944 (2002); see also United States v. Joy, 192 F.3d 761, 766 (7th Cir. 1999).[5]

The statements at issue here will also qualify as excited utterances.  Each were made while the officers were under extreme stress of a vicious violent struggle over control of the defendant's gun that resulted in injuries to both of the officers and to the defendant.  Even if there was some lapse in time, it does not affect admissibility.  See United States v. Cruz, 156 F.3d 22, 30 (1st Cir. 1996)(affirming admission of statements made four hours after event as excited utterance where declarant was likely still suffering from trauma of event).

## **CONCLUSION**

Based on the foregoing, the government requests that an

---

[5] The circumstances utilized in examining whether a statement qualifies as an excited utterance vary with individual situations.  Although a lapse of time between the triggering event and the declarant's statement is relevant to whether the declarant made the statement while under the stress of excitement, it is not dispositive. Other relevant factors include the characteristics of the event, the subject matter of the statement, and the declarant's age, motive to lie and physical and mental condition. See United States v. Marrowbone, 211 F.3d 452, 454-55 (8th Cir. 2000).  All favor admissibility here.

order issue permitting the excerpts to be played to the jury during the testimony of Officers Bickerton and Conway and that the jury be entitled to utilize final transcripts to assist its understanding of the tapes.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

_____      By:   /S/ John A. Wortmann,Jr.
                              JOHN A. WORTMANN, JR.
                              SANDRA BOWER
                              Assistant U.S. Attorneys
                              One Courthouse Way
                              Boston, MA 02210
                              (617)748-3207

# EXHIBIT A

# DRAFT TRANSCRIPTS

United States v. Antoin Combs

DRAFT 2/28/06

**CONWAY EXCERPT 1**

| | |
|---|---|
| CONWAY: | UI |
| DISPATCH: | UI |
| CONWAY: | We're at, ah, Dorchester Ave, Store 24 we got man with a firearm |
| DISPATCH: | Dorchester Ave which ah, Store 24 is it? |
| CONWAY: | Right at Ashmont Station |
| DISPATCH: | Charlie Pierce?? |
| UNIDENTIFIED: | 4910 |
| DISPATCH: | You got that Sarge they, got… |
| CONWAY: | SEND THAT UNIT NOW! |
| DISPATCH: | Any units over that way Store 24 Dorchester Ave. |
| UNIDENTIFIED: | 21 in route |
| DISPATCH: | 21 got it…… |
| DISPATCH: | You guys okay?.....everybody's heading down that way…. we got Harry unit heading there on route |

United States v. Antoin Combs

DRAFT 2-28-06

**BICKERTON TRANSCRIPT CLIP 2**

| | |
|---|---|
| DISPATCH: | You have it under control there? |
| CONWAY: | It took eleven cars, we're calling it off Mam |
| BICKERTON: | It started on Southern Ave. We followed this …. over here by Store 24. He got hold of a gun and went at it with me and my partner (U/I)… to kill us |
| DISPATCH: | Okay, you got him at Southern Ave. Do you have a description? |
| BICKERTON: | We got him in custody. We got him in Custody. |
| DISPATCH: | You have him in custody. Very Good. You have him in custody. |
| UNIDENTIFIED: | Where they at now? |
| BICKERTON: | I'll tell you what we need…. we need a tow to this location |
| DISPATCH: | Do you want him at Southern Ave or do you want him at the Store 24? |
| BICKERTON: | No, we followed him from Southern Ave, we're at Ashmont and Dot Ave we want Charley Lima 49 |
| DISPATCH: | Where do you want Charlie Lima put in at Ashmont? |