UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO. 05-10237-MLW |
| ) | |
| ANTOIN QUARLES COMBS ) | |

### GOVERNMENT'S MOTION IN LIMINE REGARDING STATEMENTS OF DEFENDANT

The United States of America, by its undersigned counsel, hereby moves for an order in limine permitting the government to elicit testimony from Officers Dean Bickerton and John Conway regarding statements made by the defendant during the violent struggle that preceded his May 23, 2005 arrest. The statements at issue ("I'm going to shoot you mother f---ers. I ain't going back to jail. You all are going to have to kill me") were spontaneously made by the defendant after the officers discovered the gun in his waistband during a motor vehicle stop and as the defendant violently attempted to get control of the gun and prevent the officers from taking it away from him.

The statements that are the subject of this motion are relevant, not hearsay under FRE 801(d)(1) and should therefore be admitted. E.g., United States v. Rouse, 452 F.2d 311, 313 (5th Cir. 1971)("Any and every statement of an accused person, so far as not excluded by the doctrine of confessions or by the privilege against self-incrimination is usable against him as an admission"). The defendant's statements here demonstrate the

defendant's knowing possession of the gun and constitute direct evidence that it was in fact a firearm (i.e, "I'm gonna shoot you..."). The statements also help to explain the reason for the defendant's violent reaction to the discovery of the gun (i.e, that he did not wish to return to jail) and will therefore blunt any claim that the officers version of the events is not worthy of belief.

Any claim under Rule 403 that the probative value of this evidence is somehow outweighed by prejudice, or the possibility of confusion or misleading the jury, must also fail. The defendant's obligation in advancing any such argument is to show that any prejudice is in fact "unfair" (even though the statements came from his own mouth) and *substantially* outweighs the probative value described above. Although evidence of other criminal activity invariably prejudices a defendant, "the prejudice is frequently outweighed by the relevancy of the evidence. . . ." United States v. Francesco, 725 F.2d 817, 822 (1st Cir. 1984) (citations omitted). "The fact that a piece of evidence hurts a party's chances does not mean it should automatically be excluded, [or] there would be precious little left in the way of probative evidence in any case." United States v. Carty, 993 F.2d 1005, 1011 (1st Cir. 1993).

There are many settings in which the admission of statements advising the jury that the defendant had previously been to jail could be unduly prejudicial. This is not one of them. As part of

its prima facie case, the government has to prove, either through stipulation or the admission of a certified conviction, that the defendant has previously been convicted of a crime punishable for a term of imprisonment exceeding one year. See 18 U.S.C. §922(g)(1). Hence it will come as no surprise to the jury that he has a criminal record (since it is a basic component of the government's case). Because the statements are relevant and their relevance is not substantially outweighed by any danger of unfair prejudice, the government respectfully requests that its motion be allowed.

## CONCLUSION

Based on the foregoing, the government's motion in limine should be allowed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ John A. Wortmann, Jr.
JOHN A. WORTMANN, JR.
SANDRA BOWER
Assistant U.S. Attorneys
One Courthouse Way
Boston, MA 02210
(617)748-3207