# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10237-MLW |
| | ) | |
| ANTOIN QUARLES COMBS | ) | |
| | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:      */s/ John A. Wortmann, Jr.*
JOHN A. WORTMANN, JR.
SANDRA BOWER
Assistant U.S. Attorneys


Date: March 3, 2006

## TABLE OF CONTENTS

Duties of the Jury . . . . . . . . . . . . . . . . . . . . . . . 1

Nature of Indictment -- Presumption of Innocence . . . . . . . 2

Preliminary Statement of Elements of Crime . . . . . . . . . . 3

Evidence; Objections; Rulings; Bench Conferences . . . . . . . 4

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . 6

Conduct of the Jury . . . . . . . . . . . . . . . . . . . . . 7

Note-taking . . . . . . . . . . . . . . . . . . . . . . . . . 9

Outline of the Trial . . . . . . . . . . . . . . . . . . . . 10

Stipulations . . . . . . . . . . . . . . . . . . . . . . . . 12

Variance -- Dates . . . . . . . . . . . . . . . . . . . . . . 13

Direct and Circumstantial Evidence . . . . . . . . . . . . . 14

Reasonable Consideration . . . . . . . . . . . . . . . . . . 16

Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . 17

Use of Recordings and Transcripts . . . . . . . . . . . . . . 18

Indictment . . . . . . . . . . . . . . . . . . . . . . . . . 19

Prior Felony Conviction . . . . . . . . . . . . . . . . . . . 22

Possession -- Actual and Constructive . . . . . . . . . . . . 23

Firearm . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Ammunition . . . . . . . . . . . . . . . . . . . . . . . . . 26

Knowledge . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Proof of Knowledge . . . . . . . . . . . . . . . . . . . . . 28

Interstate Commerce . . . . . . . . . . . . . . . . . . . . . 29

Duration of Possession . . . . . . . . . . . . . . . . . . . 31

ii

Expert Witness . . . . . . . . . . . . . . . . . . . . . . . 32

Use of Tapes and Transcripts . . . . . . . . . . . . . . . . 34

Statements by Defendant . . . . . . . . . . . . . . . . . . 35

Consciousness of Guilt . . . . . . . . . . . . . . . . . . . 36

Submitting the Indictment . . . . . . . . . . . . . . . . . 37

Punishment . . . . . . . . . . . . . . . . . . . . . . . . . 38

Foreperson's Role; Unanimity . . . . . . . . . . . . . . . . 39

Consideration of Evidence . . . . . . . . . . . . . . . . . 40

Reaching Agreement . . . . . . . . . . . . . . . . . . . . . 41

Return of Verdict Form . . . . . . . . . . . . . . . . . . . 43

Communication with the Court . . . . . . . . . . . . . . . . 44

## PROPOSED INSTRUCTION

## (DUTIES OF THE JURY)

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

1

**PROPOSED INSTRUCTION**

**(NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE)**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys John Wortmann and Sandra Bower. The defendant, Antoin Quarles Combs, is represented by Scott Lopez.

The defendant has been charged by the government with a violation of federal law.  The defendant is charged with being a person who, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, was in possession of a firearm on or about May 23, 2005 in Boston, Massachusetts.

The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charges and denies committing the crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.


Pattern Jury Instructions:  **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

2

**PROPOSED INSTRUCTION**

**(PRELIMINARY STATEMENT OF ELEMENTS OF CRIME)**

As I have indicated, the defendant has been charged by the government with violations of federal law.  Specifically, the defendant is charged with being a person who, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, was in possession of a firearm on or about May 23, 2005, in Boston, Massachusetts.

You should understand that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

3

**PROPOSED INSTRUCTION**

**(EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES)**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

When objections are made, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

4

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**PROPOSED INSTRUCTION**

**(CREDIBILITY OF WITNESSES)**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

6

**PROPOSED INSTRUCTION**

**(CONDUCT OF THE JURY)**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might

7

be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries, the internet or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

8

## PROPOSED INSTRUCTION

## (NOTE-TAKING)

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

9

## PROPOSED INSTRUCTION

## (OUTLINE OF THE TRIAL)

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. The defendant's opening statement should he choose to make one, is no more evidence than the government's opening statement. At this point in the trial, no evidence has been offered by either side.

Next, the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so. I remind you that the defendant is presumed innocent, and the government must prove the guilt of the

10

defendant beyond a reasonable doubt.  The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. The government will give a closing argument first, after which the defendant will close.  The government, as the party who bears the burden of proof will then be given the opportunity to make a brief rebuttal.

I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments. They are not evidence either.  In their closing arguments, the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## PROPOSED INSTRUCTION

## (STIPULATIONS)

Throughout the trial there may be statements that the parties have stipulated to certain facts.  This means that both parties agree on the existence of those facts.  You must therefore treat those facts as having been proven.

AUTHORITY:  Pattern Jury Instructions:  **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions §2.01 (1998 Edition).

12

**PROPOSED INSTRUCTION**

**(VARIANCE -- DATES)**

You will note that indictment charges that the offense occurred "on or about" May 23, 2005.  It does not matter if the indictment charges that specific acts occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

L. B. Sand, Modern Federal Jury Instructions:  Criminal, 53-12 (1990).  United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 949 (1974).

## PROPOSED INSTRUCTION

### (DIRECT AND CIRCUMSTANTIAL EVIDENCE)

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you

14

to conclude that it had been raining.  Inferences are deductions on conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.  In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

L. B. Sand, Modern Federal Jury Instruction:  Criminal, ¶5-2 (1990).

15

**PROPOSED INSTRUCTION**

**(REASONABLE CONSIDERATION)**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§15.01 (3d ed. 1977).

**PROPOSED INSTRUCTION**

**(BURDEN OF PROOF)**

In this, as in every criminal case, the government has the burden of proving the defendant guilty of every essential element of the offenses charged beyond a reasonable doubt.  The government is not required, however, to prove the defendant guilty beyond all possible doubt.  Nor must the government exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt.

The burden of proof never shifts during trial.  The law does not require a defendant to prove his innocence or to produce any evidence.

United States v. Gibson, 726 F.2d 869, 874 (1st Cir. 1984).
United States v. Thornley, 707 F.2d 622, 625 (1st Cir. 1983).

17

**PROPOSED INSTRUCTION**

**(USE OF RECORDINGS AND TRANSCRIPTS)**

At this time you are going hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

AUTHORITY: Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions §2.08 (1998 Edition).

## PROPOSED INSTRUCTION

### (INDICTMENT)

[Read the Indictment]

Count One of the single-count indictment in this case charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code. This is a criminal statute which provides that it is unlawful for any person who has previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition in or affecting commerce. Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

**FIRST:** That, at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:** That the defendant knowingly possessed a firearm or ammunition; and

**THIRD:** That such possession was in or affecting commerce.

You should note that the government is not obligated to prove that the defendant knowing possessed **both** a firearm **and** ammunition; your verdict may be based on his possession of either one if the government proves that possession (and all the other elements of the crime that I am describing to you) beyond a reasonable doubt. However, in order to convict, you must all

19

agree that the defendant possessed either ammunition or a firearm or both.[1]

_____

[1] This instruction is requested to avoid any claim that the jury could find the defendant guilty on Count One without having reached a unanimous verdict on the commission of a particular offense (i.e., possession of a firearm or possession of ammunition. See United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995). "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." Id. at 54, 63. See also United States v. Wood, 57 F.3d 913, 919-20 (10th Cir.1995)(because a defendant "is subject to only one punishment for committing a single conspiracy offense, the fact that the conspiracy alleged an agreement to commit multiplicitous offenses does not render the conspiracy count itself multiplicitous").

Where, as here, a single count of the indictment alleges the commission of more than one crime, the resulting concern is the possibility that the jury will convict "without having reached a unanimous verdict on the commission of any particular offense." Valerio, 48 F.3d at 63. However, "[s]o long as the evidence is sufficient with respect to any of the acts charged, a guilty verdict on an indictment charging several acts in the conjunctive stands." United States v. Hawkes, 753 F.2d 355, 357 (4th Cir.1985). Hence, any duplicity concern the defendant could have with Count 1 of the Indictment (which alleges possession of both a firearm and ammunition) can be cured by instructing the jury they must agree on a particular object (i.e, possession of the firearm, possession of the ammunition or both) in order to convict. See United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999) ("Count I charged Moore with committing one offense, conspiracy to distribute a controlled substance, in two ways, with marijuana and methamphetamine. Enumerating the controlled substances did not render count I duplicitous"); United States v. Cherif, 943 F.2d 692, 701 (7th Cir. 1991) ("The problem Cherif complains about--the possibility that the jury would convict him even though it did not unanimously agree on what false statement he made--could easily have been cured by an instruction telling the jury that it could convict Cherif on the false statement count only if it unanimously agreed on the false statement he made."). See also United States v. Nelson-Rodriguez, 319 F.3d 12, 31 (1st Cir. 2003) (in rejecting duplicity claim based on conspiracy count alleging planned importations of cocaine, heroin, and marijuana, court noted that "each of these acts was part of a single conspiracy, and the jury instructions made clear

AUTHORITY:  Pattern Jury Instructions:  **First Circuit**, Criminal
Cases Committee on Pattern Criminal Jury Instructions §4.06 (1998
Edition).

---

that the jury must find as much"); <u>United States v. Clark</u>, 67
F.3d 1154, 1160 (5th Cir. 1995) (a single conspiracy may have as
its objective the distribution of two different drugs without
rendering it duplicitous).  Additional support for the balance of
the requested instruction can be found at 18 U.S.C. § 922(g)(1);
<u>United States v. Ramos</u>, 961 F.2d 1003 (1st Cir. 1992); <u>United
States v. Bartelho</u>, 71 F.3d 436, 439 (1st Cir. 1995).  <u>See
generally</u> Committee on Pattern Criminal Jury Instructions,
<u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §
4.06, 1998.

## **PROPOSED INSTRUCTION**

### **(PRIOR FELONY CONVICTION)**

The first element which the government must prove to you beyond a reasonable doubt is that the defendant was a felon at the time of possession.  You must be satisfied that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year and that such conviction took place at a time before the time it is alleged that the defendant was in possession of a firearm.  In this case, the government and the defendant have stipulated that prior to May 23, 2005, the date of the alleged offense, the defendant was convicted in a court of the Commonwealth of Massachusetts of a crime punishable by a term of imprisonment exceeding one year.  The defendant has thus stipulated to the first element of the charged offense.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition §2.01.

22

## PROPOSED INSTRUCTION

### (POSSESSION -- ACTUAL AND CONSTRUCTIVE)

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm or ammunition.  What do we mean by the term possessed when used in a legal sense?  The law recognizes two kinds of possession:  actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it.  Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object.  For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely

23

with one person or may be shared jointly by two or more persons.
Possession may be actual or constructive.  It is not necessary to
prove ownership of the object.

The element of possession is proved if you find beyond a
reasonable doubt that the defendant had actual or constructive
possession, either alone or jointly with others, of a firearm or
ammunition.

See generally Committee on Pattern Criminal Jury Instructions,
Pattern Jury Instructions:  First Circuit, Criminal Cases,
§ 4.06, 1998.  See also United States v. Lamara, 711 F.2d 3, 5
(1st Cir. 1983); United States v. Ladd, 877 F.2d 1083, 1087 (1st
Cir. 1989); United States v. Flores, 679 F.2d 173, 177 (9th Cir.
1982); United States v. Alverson, 666 F.2d 341, 345 (9th Cir.
1985); United States v. Craven, 478 F.2d 1329, 1337 (6th Cir.),
cert. denied, 414 U.S. 866(1973); Edward J. Devitt, et al.,
Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed.
1990); Leonard B. Sand et al., Modern Federal Jury Instructions,
No. 35-59 (1993).  See also United States v. Wight, 968 F.2d
1393, 1398 (1st Cir. 1992) ("as long as . . . [a person]
knowingly has the power and the intention at a given time of
exercising dominion and control over a firearm or over the area
in which the weapon is located, directly or through others, he is
in possession of the firearm").

## PROPOSED INSTRUCTION

### (FIREARM)

The possession to which I have referred must be of a "firearm or ammunition."  The term "firearm" means any weapon which will or is designed to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device. This definition of "firearm" includes handguns, rifles, and shotguns.

18 U.S.C. §921(a)(3); Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, § 4.06, 1998.

## PROPOSED INSTRUCTION

_____ (AMMUNITION)

The term "ammunition" means any ammunition or cartridge cases, shotgun-shells, primers, bullets, or propellant powder designed for use in any firearm.

18 U.S.C. §921(a)(17)(A).

26

## PROPOSED INSTRUCTION

### (KNOWLEDGE)

The government must also establish beyond a reasonable doubt that the defendant was in <u>knowing</u> possession of a firearm or ammunition.  This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm or ammunition.  To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing a firearm or ammunition.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, § 4.06, 1998. <u>United States v. Ramos</u>, 961 F.2d 1003, 1005 (1st Cir. 1992); <u>United States v. Freed</u>, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); <u>United States v. Lamare</u>, 711 F.2d 3, 6 (1st Cir. 1983); <u>United States v. Powell</u>, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), <u>cert. denied</u>, 423 U.S. 853 (1975); <u>United States v. Hardy</u>, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.).

## PROPOSED INSTRUCTION

### (PROOF OF KNOWLEDGE)

Since it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm or ammunition is possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, § 2.13 (definition of knowledge) 1998.  See also United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994); Edward J. Devitt et al., Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 6-17 (1993).

28

## PROPOSED INSTRUCTION

## (INTERSTATE COMMERCE)

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of a firearm or ammunition was in or affecting commerce. The term "in or affecting commerce" simply means that the firearm or ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or ammunition, it moved across a state line or international boundary. Thus, if it is established that the firearm or ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the firearm or ammunition in some other state and carried it into Massachusetts. Nor must the government prove who did purchase the firearm or ammunition or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state or national boundary lines or that it did so during any period in which he owned it. All that is required is proof that the firearm or ammunition had traveled in

29

interstate commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.

_____

_____

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, § 4.06, 1998.  See also Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988); United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975); Edward J. Devitt, et al., Federal Jury Practices and Instructions, § 36.14 (4th ed. 1990); Leonard B. Sand, et al., Modern Federal Jury Instructions, No. 35-55 (1993).

PROPOSED INSTRUCTION

(DURATION OF POSSESSION)

In considering the issue of possession in this case, it is not necessary for you to conclude that the defendant was in actual or constructive possession of the firearm or the ammunition for any specified period of time. Even momentary possession (whether actual or constructive) may be sufficient for you to convict provided that you are convinced beyond a that the defendant knew what he was possessing was a firearm or ammunition.

United States v. Escobar-de Jesus, 187 F.3d 148, 176 (1st Cir. 1999)("even if [the defendant] actually possessed the firearm for a short period of time, duration of possession is not an element of the statute"); United States v. Lane, 267 F.3d 715 (7th Cir. 2001)(momentary inspection of gun belonging to third party sufficient to support conviction); United States v. Adkins, 196 F.3d 1112 (10th Cir. 1999)("even if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for his holding the firearm, § 922 will still impose criminal liability"). See United States v. Parker, 566 F.2d 1304, 1306 (5th Cir. 1978) ("That possession is momentary is immaterial" to prosecution for possession of unregistered firearm). But see United States v. Williams, 29 Fed. Appx. 486 (9th Cir. 2002)("A person is not in possession of something simply because the person momentarily touches or holds the thing or has passing control of it").

31

## PROPOSED INSTRUCTION

## (EXPERT WITNESS)

You have heard expert testimony from several witnesses in this case regarding various issues in this case including the firearm and ammunition the government alleges was recovered from the defendant on May 23, 2005.

An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions or reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

L. B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶7-21 (1990). <u>E.g.</u>, <u>United States v. Castiello</u>, 915 F.2d 1, 4-5 (1st Cir. 1990) (DEA agent's testimony regarding meaningfulness of defendant's tape-recorded statements about prices helpful to jury

32

and therefore proper); United States v. Anguilo, 847 F.2d 956,
975 (1st Cir. 1988) ("expert testimony of law enforcement
officials concerning practices of those engaged in organized
criminal activity ... is often helpful to the fact finder"),
cert. denied, 109 S. Ct. 314 (1989); United States v. Hoffman,
832 F.2d 1299, 1310 (1st Cir. 1987) (DEA agent may provide expert
testimony regarding meaning of words used by drug traffickers
when cryptically referring to cocaine); United States v. Hensel,
699 F.2d 18, 38 (1st Cir.) (DEA agent's testimony regarding
methods of drug smugglers may assist trier of facts, citing,
among other cases, United States v. Golden, 532 F.2d 1244,
1247-48 (9th Cir.) (DEA agent testifies about the price of
drugs), cert. denied, 461 U.S. 958 (1983); United States v.
Pugliese, 712 F.2d 1574, 1581-1582 (2nd Cir. 1983) (quantity and
purity and cost of heroin used by addicts on street assisted jury
in understanding the magnitude of a purchase of one ounce of
heroin with the purity of 90 percent and thereby shed light on
defendants' intent).

## PROPOSED INSTRUCTION

### (USE OF TAPES AND TRANSCRIPTS)

At this time you are going hear conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have a transcript to read along as the tape is played.  The transcript is merely to help you understand what is said on the tape.  If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, § 2.08, 1998. This instruction is based upon a trial court instruction approved in United States v. Mazza, 792 F.2d 1210, 1227 (1st Cir. 1986), cert. denied, 479 U.S. 1086 (1987).

34

## PROPOSED INSTRUCTION

## (STATEMENTS BY DEFENDANT)

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide:  (1) whether the defendant made the statement; and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions §2.10 (1998 Edition).

## PROPOSED INSTRUCTION

## (CONSCIOUSNESS OF GUILT)

Efforts by a defendant to evade the police or flee from the scene of a possible crime after being confronted by the police may be considered by you as some consciousness of guilt in the light of all the other evidence in the case.  The burden is upon the government to prove that the defendant attempted to flee or evade the police.  Efforts to flee from a crime scene or after being confronted by the police by a person accused of a crime is not alone sufficient to conclude that he/she is guilty.  Flight does not create a presumption of guilt.  At most, it may provide the basis for an inference of consciousness of guilt.  But flight may not always reflect feelings of guilt.  Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.  In your consideration of the evidence of flight, you should consider that there may be reasons for defendant's actions that are fully consistent with innocence.

It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt and the weight or significance to be attached to any such evidence.

Based on Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition Section 2.09.  <u>See also</u> <u>United States v. Hernandez, 995 F.2d 307, 314-15</u> (1st Cir. 1993)(a flight instruction also can be given when the flight in question was from the crime scene).

36

**PROPOSED INSTRUCTION**

**(SUBMITTING THE INDICTMENT)**

I am sending a copy of the indictment into the jury room for you to have during your deliberations.  You may use it to read the crime which the defendant is charged with committing.  You are reminded, however, that the indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶9-4 (1990)

## PROPOSED INSTRUCTION

### (PUNISHMENT)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

L. B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, §9-1 (1990).

**PROPOSED INSTRUCTION**

**(FOREPERSON'S ROLE; UNANIMITY)**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

39

**PROPOSED INSTRUCTION**

**(CONSIDERATION OF EVIDENCE)**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

40

## PROPOSED INSTRUCTION

## (REACHING AGREEMENT)

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own

41

conscientious determination.  Do not surrender an honest

conviction as to the weight and effect of the evidence simply to

reach a verdict.

Pattern Jury Instructions:  **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

42

## PROPOSED INSTRUCTION

## (RETURN OF VERDICT FORM)

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[Read verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

43

### PROPOSED INSTRUCTION

### (COMMUNICATION WITH THE COURT)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

44