UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
                         )
            v.           )        CRIM. NO. 05-10237-MLW
                         )
ANTOIN QUARLES COMBS     )

GOVERNMENT'S MOTION IN LIMINE
REGARDING FIREARM SHIPMENT RECORDS

The United States of America, by its undersigned counsel, hereby moves for an order in limine permitting the government to introduce the records of Smith & Wesson Inc and John Jovino Company attached as Exhibits 1-3. Because the record are properly authenticated and admissible under two separate exceptions to the hearsay rule, and because resolution of the motion may obviate the need for the government to arrange for and inconvenience a number of out-of-state witnesses, the government requests that its motion in limine be allowed.

This is a felon-in-possession case. As part of its prima facie case, the government will therefore have to prove that the firearm seized from the defendant on May 23, 2005 has the requisite nexus to interstate commerce. See 18 U.S.C. §922(g)(1). See also Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988)(felon-in-possession statute covers simple in-state possession of gun that, sometime in past, arrived from out of state).

The gun recovered is a .38 caliber Smith & Wesson Model 36 revolver, serial number J517421 that contained 5 rounds of Remington .38 caliber ammunition.[1]  The gun was manufactured at Smith & Wesson in Springfield, Massachusetts.[2]  Documents obtained from Smith and Wesson and the ATF's National Tracing Center establish that the gun was shipped by Smith & Wesson on or about January 27, 1977 to John Jovino and Company ("Jovino") (a federally licensed firearms dealer located in New York City). Records obtained from Jovino and the ATF National Records Center will confirm that the firearm was shipped to New York in 1977 and then resold to a sporting goods store in Westport, Massachusetts.

The documents at issue are appended to this motion as Exhibits 1-3.  All of the documents are accompanied by appropriate Keeper of the Records certifications which satisfy the requirements of Federal Rule of Evidence 902(11)(certified domestic records of regularly conducted activity)  and 901(b)(8)(16)(authentication of statements in documents in existence 20 years or more).  See  United States v. Albert, 773 F.2d 386, 388 (1st Cir. 1985) ("The business records exception to

---

[1]  The ammunition was inspected by ATF S/A Phillip Ball who determined that it is ammunition that had been manufactured outside of Massachusetts and thereby has the requisite nexus with interstate commerce based on its point of manufacture alone.

[2]  Because of this, S/A Ball is unable to state with certainty that the gun necessarily crossed state lines or a foreign boundary prior to May 23, 2005.  The necessary nexus between the gun and interstate commerce will therefore be shown through shipping records from the manufacturer and the purchaser all as set forth in this memorandum.

the hearsay rule is codified in Fed.R.Evid. 803(6). Under the
rule, records kept in the course of regularly conducted business
activity are admissible unless the circumstances indicate lack of
trustworthiness."); <u>Phoenix Assoc. III v. Stone</u>, 60 F.3d 95, 101
(2d Cir.1995) (business record exception " 'favor[s] the
admission of evidence rather than its exclusion if it has any
probative value at all," ' and the record has "sufficient indicia
of trustworthiness to be considered reliable"). [3] The affidavit
from the ATF describing the John Jovino documents is provided
because the documents were transferred by Jovino to the ATF to be
maintained there pursuant to a waiver granted by the ATF's
National Tracing Center.  <u>See</u> Exhibit 2.

---

[3]  The documents are also independently admissible under FRE
803(16) and 901(b)(8)(16)(authentication of statements in
documents in existence 20 years or more). <u>E.g.</u>, <u>Columbia First
Bank, FSB v. United States</u>, 58 Fed.Cl. 333, 337 (Ct. Claims 2003)
(Criteria for authentication of ancient documents are
that the document: (A) is in such condition as to create no
suspicion concerning its authenticity, (B) was in a place where
it, if authentic, would likely be, and © has been in existence 20
years or more at the time it is offered; court also noted that
proof of personal knowledge is not required for admissibility
under Rule 803(16))

**CONCLUSION**

Based on the foregoing, the government's motion in limine should be allowed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ John A. Wortmann, Jr.
JOHN A. WORTMANN, JR.
SANDRA BOWER
Assistant U.S. Attorneys
One Courthouse Way
Boston, MA 02210
(617)748-3207

# EXHIBIT 1

1. I am the custodian of records at Smith & Wesson Corp., located at 2100 Roosevelt Avenue, Springfield, Massachusetts, 01104

2. Smith & Wesson is engaged in the business of manufacturing or dealing in firearms.

3. As required by law, Smith & Wesson maintains records of information about firearms it manufactures and sells. This information is recorded at or near the time of the firearms sale, by a person with knowledge of these matters.

4. These records are made, and are kept, as a regular practice in the ordinary course of our business of manufacturing and selling firearms.

5. I have examined the records pertaining to a firearm, that is,

    Smith & Wesson:  Model 36,  Serial Number J517421

    Shipped to:    John Jovino
               5 Center Market Place
               New York, NY 10013

    Shipped on or near:
               January 28, 1977

    Certified copies attached:
               Shipping order #H00745
               Packing list for shipping order #H00745

I certify, under penalty of perjury that the foregoing is true and correct.

Executed on _____3/3/06_____, in ___Springfield, MA___.
               DATE               CITY      STATE

*Ronald P. Borgio*

DOREEN M. FIDALGO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Dec 26, 2008

Ronald P. Borgio
2100 Roosevelt Avenue
Springfield, MA 01104

03/03/2006  09:58  4137815304



## SMITH & WESSON
### A BANGOR PUNTA COMPANY
SPRINGFIELD, MASSACHUSETTS 01101

*The Thoroughbred of the Handgun World*

**LIST OF SERIAL NOS.**

REG. U.S. PAT. OFF.

OMER  JOHN JOVINO

ON INVOICE NO. H00745
DATE OF INVOICE 1·28·77

| QUANTITY | DESCRIPTION | SERIAL NO. | TAX CREDIT DATE | SERIAL NO. | TAX CREDIT DATE |
|---|---|---|---|---|---|
| 2 | M-27 5" BL | N 377 179 127 | ✓ | | |
| 2 | M-27 8 3/8 BL | N 375 016 573 | ✓ | | |
| 3 | M-29 6½ BL | N 369 129 784 | ✓ | N 369 713 | ✓ |
| 2 | M-29 6½ NK | N 358 255 266 | ✓ | | |
| 2 | M-34 2" RDNK | M 54 478 319 | ✓ | | |
| 2 | M-34 2"·59·NK | M 89 593 509 | ✓ | | |
| 10 | M-36 2" RDNK | J 537 814 985 184 173 210 | ✓ ✓ ✓ ✓ ✓ | J 537 ... 939 926 615 158 | ✓ ✓ ✓ ✓ ✓ |
| 2 | M-36 2"·59·NK | J 517 414 421 | ✓ | | |

This is a true & accurate copy
Ronald P Borgio  3/2/06

JAN 28 1977    John Jovino Inc. N. Y. NY    H00745

# Smith & Wesson
● A Bangor Punta Company

SHIPPING NO. H00745
M/I = 007311

| CUST. NO. | TYPE | |
|---|---|---|
| 3975 | 11 | 01/01/77 |

SPECIAL SHIPPING OR OTHER INSTRUCTIONS

SHIP TO
JOHN JOVINO
5 CENTER MARKET PLACE
NEW YORK, NEW YORK
10013

DATE SHIPPED _____

FREIGHT CHARGE

FED VIA

| IMPORTS CONTAINERS | ITEM NO. | CUSTOMER'S ORDER NO. | PRODUCT CODE | DESCRIPTION | QUANTITY | QUANTITY SHIPPED |
|---|---|---|---|---|---|---|
| | | 4483 | | TARGET TRIGGER TARGET HAMMER | | |
| KILOS | 035 | | 0272025031 | 357 MAG 5IN SQ BRBL | 2 | |
| | 037 | | 0272028431 | 357 MAG 8 3/8IN SQ BRBL | 2 | |
| | 045 | | 0292026531 | 44 MAG 6 1/2IN SQ BRBL | 3 | |
| | 048 | | 0292046531 | 44 MAG 6 1/2IN SQ NKL | 2 | |
| | 055 | | 0341042021 | 22/32 KIT GUN 2IN RD NKL | 2 | |
| KILOS | 056 | | 0341042031 | 22/32 KIT GUN 2IN SQ NKL | 2 | |
| | 061 | | 0360042021 | 38 CHIEFS SPEC 2IN RD NKL | 10 | |
| | 062 | | 0360042031 | 38 CHIEFS SPEC 2IN SQ NKL | 2 | |
| | 064 | | 0361043021 | CHIEF SPEC HB 3IN RD NK | 5 | |
| | 067 | | 0370042021 | 38 CHIEFS SP AWT 2 RD NKL | 5 | |
| KILOS | 068 | | 0370042031 | 38 CHIEFS SP AWT 2 SQ NKL | 2 | |
| | 069 | | 0380012021 | 38-BODY GD AWT 2IN RD BL | 5 | |
| | 070 | | 0380042021 | 38-BODY GD AWT 2IN RD NKL | 3 | |

This is a true + accurate copy
Ronald P Borgio 3/3/06

01    SHIPPING NO. H00745
JAN 28 1977    John Jovino Inc. N. Y. NY
SHIPPING ORDER

Received  03-03-2006  08:55  From-4137615304    To-    Page 004

EXHIBIT 2

# JOHN JOVINO COMPANY, INC.
### AFFIDAVIT OF ANTHONY IMPERATO

JOHN JOVINO CO. INC

I, Anthony Imperato, being duly sworn, depose and state as follows:

1. I am Vice President of John Jovino Co., Inc. Of New York City ("John Jovino"). John Jovino is a federally licensed firearms dealer. I have worked at John Jovino since 1976.

2. John Jovino has been in the firearms business for nearly 100 years. For much of that time, John Jovino's principal activities involved selling firearms and other items at wholesale to gun dealers and police departments. John Jovino has always operated in New York and has never had any offices in Massachusetts.

3. As a federally licensed firearms dealer, John Jovino is required to generate and maintain business records regarding its purchase, sale, and shipment of firearms. These records include firearm transfer records for every gun that Jovino purchased, re-sold or shipped.

4. By the 1990's, the volume of firearms records that John Jovino was maintaining as required by federal law had become extremely voluminous and burdensome to the company. As a result, John Jovino petitioned the Bureau of Alcohol, Tobacco and Firearms ("ATF") for a variance that would permit it to transfer some of these records to ATF's National Tracing Center Division located in Martinsburg, West Virginia where they would be microfilmed and maintained.

5. John Jovino's variance was granted in 1997. Thereafter, business records of John Jovino pertaining to firearm purchases and sales were shipped to the National Tracing Center to be stored and maintained by the ATF. 6. All of the records shipped by John Jovino to the ATF in 1997 were documents that federal firearm dealers like John Jovino were required to generate at or near the time of the occurrence

---

# JOHN JOVINO COMPANY, INC.

JOHN JOVINO CO. INC
183 GRAND ST.

TELEPHONE (212) 925-4881
FACSIMILE  (212) 966-4986

NEW YORK 5/CENTRE MARKET PLACE
NEW YORK, NEW YORK 10013 USA

FFL #6-13-001-01-8E-02408

of the matters set forth by (or from information transmitted by) a
person with knowledge of those matters and were required to be
generated and maintained in the course of a regularly conducted business
activity.
All of those documents were so generated and maintained until the time
that they were transferred to the ATF.

6. The documents attached as Exhibit A are microfilmed copies of
documents that John Jovino transferred to the ATF.  They relate to
business activities of John Jovino in 1977 and are therefore more than
20 years old.  John Jovino generated all of the attached records at or
near the time of the occurrence of the matters set forth by (or from
information transmitted by) a person with knowledge of those matters
and
were required to be generated and maintained in the course of a
regularly conducted business activity.  Once generated, these records
were kept in the course of a regularly conducted business activity and
it was the regular practice of John Jovino to make such records.

7. The documents attached as exhibit A are taken from John
Jovino's ATF Ledger. The first page included in Exhibit a lists all
firearms received by John Jovino.  It shows that John Jovino  a Model 36
.38 Caliber firearm from Smith & Wesson bearing serial number
J517421.

8. Once guns were received by John Jovino from manufacturers
like Smith & Wesson, they would be assigned voucher numbers that were
used to track when and to whom the gun was sold.  The gun referenced in
the previous paragraph was assigned voucher number 2179 and was sold
to
Bob's sporting Goods in Westport, Massachusetts on February 11, 1977.

9. The second page included in Exhibit A is the second half of
the same ledger page for this firearm. In Jovino's original ledger,
these were both part of the same page.  To read them, it is thus
necessary to line up the two pages.

Subscribed and sworn under the pains and penalties of
perjury to before me this _28_ day of February, 2006 in New York, New
York.


_____

Anthony Imperato
Vice-President
John Jovino Company Inc

| SERIAL # | NAME | ADDRESS | AGE | OCCUPATION | AUTHORITY TO POSSESS | MAKE | MODEL | CAL. |
|---|---|---|---|---|---|---|---|---|
| 10369- 713 | Smith Weston | Springfield Mass | | S/S | Y/S | Ross | 29 | 44 |
| 129 | | | | | | | | |
| 9164- 731 | | | | | | | 66 | 38 |
| 727 | | | | | | | | |
| 067 | | | | | | | | |
| 6.19 | | | | | | | | |
| 632 | | | | | | | | |
| 997 | | | | | | | | |
| 345 | | | | | | | | |
| 121 | | | | | | | | |
| 679 | | | | | | | | |
| 814 | | | | | | | | |
| N-260- 367 | | | | | | | 58 | 44 |
| 527 | | | | | | | | |
| 9K79-393 | | | | | | | 11 | 30 |
| 203 | | | | | | | | |
| F901-424 | | | | | | | | |
| 414 | | | | | | | 36 | 3 |
| TG27-152 | | | | | | | | |
| 124 | | | | | | | | |
| 415 | | | | | | | | |
| 173 | | | | | | | | |
| 270 | | | | | | | | |
| 925 | | | | | | | | |
| 677 | | | | | | | | |
| 985 | | | | | | | | |
| 981 | | | | | | | | |
| 939 | | | | | | | | |
| T-579-503 | | | | | | | 38 | 38 |



**AFFIDAVIT OF ATF PROGRAM ANALYST UDORA M. HUGEE**

I, Udora M. Hugee, being duly sworn, depose and state as follows:

1.    I am employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  I am presently assigned to the ATF National Tracing Center Division (NTC) in Martinsburg, West Virginia where I hold the position of Program Analyst for the NTC Firearms Tracing Branch (FTB).

2.    Under federal firearms laws, Federal Firearms Licensee's (FFL's) who discontinue business are required to transfer certain classes of business records pertaining to firearm sales and shipments to the NTC.

3.    At one time, the FFL John Jovino & Company located in New York City, held three different types of federal firearms licenses, of which two have since been rendered inactive.  In 1992, John Jovino & Company requested permission to forward some of their "active" firearms records to the NTC, due to space limitations.  The NTC approved this request and accepted records from John Jovino & Company covering the time period 1953-1988. These records were microfilmed upon receipt.

4.    One of my responsibilities as Program Analyst at the NTC is to act as Custodian of Records for all documents maintained by the NTC.  These documents include the business records that were

1

maintained by John Jovino & Company and later forwarded to the
NTC.

5.   At the request of the United States Attorney's Office
(USAO) in Boston, Massachusetts, I have searched the John Jovino
& Company records maintained by the NTC with respect to a .38
caliber Smith & Wesson Model 36 Revolver bearing serial number
J517421.  The documents relating to the acquisition and
disposition of that firearm were found in the business records of
John Jovino & Company and are attached as Exhibit A.  The USAO
requested this information in connection with a pending
investigation or prosecution.

6.   All of the attached records are documents that FFL's
like John Jovino & Company were required to generate at or near
the time of the occurrence of the matters set forth by (or from
information transmitted by) a person with knowledge of those
matters and were required to be generated and maintained in the
course of a regularly conducted business activity.

7.   After the attached documents were provided to the NTC by
John Jovino & Company in 1992, they were microfilmed and have
been maintained by the NTC. The documents attached as Exhibit A
are true and accurate copies of records provided by John Jovino &
Company to the NTC and relate to transactions that took place
more than 20 years ago.

2

Subscribed and sworn under the pains and penalties of
perjury to before me this _28_ day of February, 2006.

*Udora M. Hugee*

Udora M. Hugee
Program Analyst
Bureau of Alcohol, Tobacco,
Firearms and Explosives
National Tracing Center Division

**United States
Of America**



Department of Justice
Bureau of Alcohol, Tobacco,
Firearms and Explosives
Washington, D.C.

Date: February 28, 2006

**To whom
it may
concern**

This is to certify that

Udora M. Hugee

Bureau of Alcohol, Tobacco, Firearms and Explosives,
Department of Justice, Washington, D.C., has legal custody
of records of the Bureau of Alcohol, Tobacco, Firearms and
Explosives pertaining to the acquisition, transfer and sale
or other disposition of firearms and ammunition by federally
licensed manufacturers, importers and dealers in firearms
that have discontinued business or have forwarded their
acquisition and disposition records to the Out-of-Business
Records Center; that I am familiar with her signature; and
that I have examined her signature which appears on the
attached statement and find it to be her true signature.

**In witness whereof,**
I have hereunto set my hand, and caused this seal
to be affixed on the day and year appearing above.

By direction of the Attorney General.

Charles J. Houser
Chief, National Tracing Center Division

ATF F 1323.1

**United
States
Of America**



Department of Justice
Bureau of Alcohol, Tobacco,
Firearms and Explosives
Washington, D.C.

Date: February 28, 2006

**To whom
it may
concern**

This is to certify that I

Udora M. Hugee

am the Custodian of Records, ATF Out-of-Business
Records Center, Office of Law Enforcement, Bureau of
Alcohol, Tobacco, Firearms and Explosives, Department
of Justice. In my official capacity, I have immediate
custody of the records of the Bureau of Alcohol, Tobacco,
Firearms and Explosives pertaining to the purchase,
transfer, sale, or other acquisition or disposition of firearms
and ammunition by federally licensed manufacturers,
importers and dealers in firearms and ammunition who
have discontinued business or have forwarded their
acquisition and disposition records to the Out of Business
Records Center.

I do hereby certify that the attached is a true copy of the Firearms
Acquisition and Disposition Record received from John Jovino
Company, Inc., of New York, New York, Federal Firearms License
(FFL) 6-13-02408, pertaining to the following:

The transfer of a Smith & Wesson .38 caliber revolver, model 36,
serial number J517421, by John Jovino Company, Inc., of New York,
New York, to Bob's Sport Shop of Westport, Massachusetts on
February 08, 1977.

*Udora M. Hugee*
_____
Custodian of Records
ATF Out-of-Business Records Center

**ATF F 1323.9 (2-90) PREVIOUS EDITION IS OBSOLETE**

| SERIAL # | NAME | ADDRESS | AGE |
|---|---|---|---|
| | Smith & Wesson | Springfield Mass. | M/S |

1517-421

| | DEL. | CAL. | DATE | HOUR | EMPLOYEE | 179 | REMARKS | |
|---|---|---|---|---|---|---|---|---|
| | | 36 | 3P | | | | 2"Nu Sp. | |

| SPECIAL MARKINGS | VOUCHER | N A M E | ADDRESS | |
|---|---|---|---|---|
| | 21731 | *Bobs Asto.* | *Westport Mass* | *(Cale D.)* |

| PURCHASE DOCUMENT # | HOUR | DATE | EMPLOYEE | 179 | REMARKS |
|---|---|---|---|---|---|