UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) | CR. NO.: 05-10237-MLW |
| **ANTOIN COMBS QUARLES** | ) ) ) | |

**DEFENDANT ANTOIN COMBS QUARLES' MOTION *IN LIMINE* TO EXCLUDE CRIMINAL RECORD AND/OR ANY OTHER BAD ACT EVIDENCE**
_____

Defendant Antoin Combs Quarles hereby moves *in limine* to preclude the government from introducing evidence concerning, or making reference to, Mr. Combs Quarles' criminal record and/or any prior "bad acts." As grounds for this motion, Defendant Combs Quarles states as follows:

1.      The government charges Mr. Combs Quarles as a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). The Government's case against Mr. Combs Quarles rests on the purported observations of police officers that he was in possession of a firearm.

2.      It is well established that the Government may not introduce evidence of Mr. Combs Quarles' criminal record or prior bad acts to prove "criminal character or propensity to commit similar crimes." United States v. Houle, 237 F.3d 71, 77 (1st Cir. 2001); *see also* Fed. R. Evid. 404(b).[1] Evidence of other bad acts may be admitted over Rule 404(b)'s "absolute bar" only if it is "specially probative of an issue in this case – such as intent or knowledge – without

---

[1] Rule 404(b) provides in relevant part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident….

including bad character or propensity as a necessary link in the inferential chain." United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002) (quoting United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996)).  Here, Mr. Combs Quarles purported prior bad acts and criminal record are irrelevant to any issue in this case and therefore, must be excluded.[2]

     WHEREFORE, Defendant Combs Quarles respectfully request that this Motion be allowed and that this Honorable Court preclude the government from introducing evidence concerning, or making reference to, Mr. Combs Quarles' criminal record and/or any prior purported "bad acts."

                        Respectfully submitted,
                        By defendant
                        Antoin Combs Quarles
                        By his attorney,

                          /s/  Scott P. Lopez
                        Scott P. Lopez, BBO #549556
                        Law Office of Scott P. Lopez
                        24 School Street, 8th Floor
                        Boston, MA  02108
                        (617) 742-5700

Dated:  March 20, 2006

---

[2] Admittedly, Mr. Combs Quarles' criminal record is relevant in the sense that having been convicted of "a crime punishable by imprisonment for a term exceeding one year" is an element of the crime with which he is charged.  See 18 U.S.C. §922(g)(1).  However, Mr. Combs Quarles will stipulate to this fact, rendering the introduction of his record unnecessary.  The Supreme Court has held that " a district court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." Old Chief v. United States, 519 U.S. 172, 174 (1997).

CERTIFICATE OF SERVICE

I, Scott P. Lopez, hereby certify that on the 20th day of March, 2006, I served the within DEFENDANT ANTOIN COMBS QUARLES' MOTION *IN LIMINE* TO EXCLUDE CRIMINAL RECORD AND/OR ANY OTHER BAD ACT EVIDENCE by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184
Sandra.Bower@usdoj.gov

  /s/ Scott P. Lopez
Scott P. Lopez