# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
)
**UNITED STATES**                              )
)
**v.**                              )         **CR. NO.: 05-10237-MLW**
)
**ANTOIN COMBS QUARLES**        )
)
_____)

## DEFENDANT ANTOINE COMBS QUARLES' REQUEST FOR JURY INSTRUCTIONS
_____

Pursuant to Fed. R. Crim. P. 30, defendant Antoin Combs Quarles, by and through undersigned counsel, hereby requests the Court to include the following instructions in its preliminary and final charge to the jury.

Respectfully submitted,
By defendant
Antoin Combs Quarles
By his attorney,


    /s/  Scott P. Lopez
Scott P. Lopez, BBO #549556
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA  02108
(617) 742-5700

Dated:  March 20, 2006

<u>CERTIFICATE OF SERVICE</u>

I, Scott P. Lopez, hereby certify that on the 20th day of March, 2006, I served the within DEFENDANT ANTOIN COMBS QUARLES' REQUEST FOR JURY INSTRUCTIONS by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184
<u>Sandra.Bower@usdoj.gov</u>

  /s/ Scott P. Lopez_____
Scott P. Lopez

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 1
***The Government as a Party***

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty with an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to the defendant. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals in this courtroom.

The question before you can *never* be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

(Adapted from 1 L. Sand *et al.*, Modern Federal Jury Instructions, Instruction # 2-5 (2002)).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 2
### *Presumption of Innocence and Burden of Proof*

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is the most important principle in our criminal justice system.

The government has the burden of proving each and every element of the charge against the defendant beyond a reasonable doubt. This burden never shifts to the defendant, because the law never imposes the burden of calling any witness or producing any evidence upon a defendant in a criminal case. The defendant has no obligation to prove anything to you, by his testimony or by other evidence. And if the defendant does present evidence, this does not diminish or shift the government's burden of proof.

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed innocent throughout your deliberations until such time, if ever, that you are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial with a clean slate. This presumption of innocence alone necessarily acquits Mr. Combs unless you as jurors are <u>unanimously convinced</u> beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. It is *not* enough for the defendant to be probably guilty. If, after all of the evidence is before you, the government has not convinced you unanimously that Mr. Combs is guilty beyond a reasonable doubt, you must find him not guilty.

(Adapted from Pattern Jury Instructions—First Circuit—Criminal, Instruction #3.02 (1998); 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction #4-1).

4

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 3
### *Reasonable Doubt*

The burden is on the government to prove beyond a reasonable doubt that Mr. Combs is guilty of the charges made against him.  What is a reasonable doubt?  It is a doubt based on reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  To find the defendant guilty beyond a reasonable doubt, you must have a moral certainty of guilt that excludes any and all other reasonable theories.

If, after fair and impartial consideration of all of the evidence you have any reasonable doubt, it is your duty to acquit the defendant.

(Adapted from 1 L. Sand, Modern Federal Jury Instructions, #4-2 (2002) and *See Holland* v. *United States,* 348 U.S. 121, 139-140 (1954); Pattern Jury Instructions—First Circuit—Criminal, Instruction #3.05 (1998)).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 4
***Unanimous Verdict***

The indictment charges Mr. Combs with being a felon is possession of a firearm that has traveled interstate.  Your verdict must be unanimous.  If even one (1) of you has reasonable doubt about Mr. Combs' guilt, you cannot find him guilty.

(Adapted from S. Hrones and W. Homans, Jr., Massachusetts Jury Instructions—Criminal, Instruction 3-1 (Matthew Bender 2d ed. 2001)).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 5</u>
***Defendant's Constitutional Right Not to Testify***
***[Should Mr. Combs Quarles Choose Not to Testify]***

Under our Constitution, Mr. Combs Quarles has no obligation to testify or to present *any* other evidence.  Mr. Combs Quarles does *not* have to prove that he is innocent.  The entire burden of proof in this case is on the government to prove that the defendant is guilty.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.

You may not attach any significance to the fact that Mr. Combs Quarles did not testify.  There are many and varied personal reasons why Mr. Combs Quarles could have chosen not to testify.  You may *not* consider this against him in any way in your deliberations in the jury room.  You must determine whether the prosecution has proved its case against Mr. Combs based solely on the testimony of the witnesses and the exhibits.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction #5-21) (2002).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 6
*Indictment*

The defendant, Antoine Combs, has pleaded not guilty to the crime charged in the indictment. An indictment is not evidence. An indictment is nothing more that the document that the grand jury used to report its accusation. The grand jury heard only the government's side of the story. It did not hear any cross examination of the government's witnesses or any of the defendant's evidence. The grand jury did not find that the defendant is guilty beyond a reasonable doubt of the crimes charged, as you must do here before you can convict Mr. Combs. The grand jury's decision also did not have to be unanimous – unlike here. The indictment does not even raise a suspicion of guilty. Not juror should permit him or herself to be influenced by the indictment in the least.

(Adapted from 2 C. Wright and A. Miller, Federal Practice and Procedure, § 486 at 269 (1969); Devitt and Blackmar, Federal Jury Practice Instructions, §12.10; *United States* v. *Garcia,* 562 F.2d 411, 417 (7th Cir. 1977)).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 7
*Direct/Circumstantial Evidence*

There are two (2) kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness that he or she actually saw or heard the crime with which a defendant is charged while it occurred.  It is the testimony of a witness who asserts actual, first-hand knowledge of a charged crime.  In the case of direct evidence, the only question for the jury is whether or not to believe the witness.  The United States has presented no direct evidence that Mr. Combs engaged in the conduct charged in this trial.

Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, be reason and common sense, that another fact exi8sts, even though it has not been proven directly.  The government's case against Mr. Combs is based on circumstantial evidence.

Circumstantial evidence *may* be sufficient to establish guilt beyond a reasonable doubt.  In considering circumstantial evidence, however, you must first be satisfied beyond a reasonable doubt of the existence of the basic or known fact.  After you have determined the existence of the *known* fact, then you must be satisfied beyond a reasonable doubt that any inference you draw from such a fact would be proper.  If any one (1) fact necessary to the conclusion of guilt is inconsistent with the guilt of the accused, it breaks the chain of circumstantial evidence upon which the inference depends, and, however plausible or apparently conclusive the other circumstances may be, the defendant must be found not guilty.  *Commonwealth* v. *Webster*, 5 Cush. 295, 318 (1850).  Where circumstantial evidence tends equally to support two (2) inferences, the defendant must receive the benefit of the inference.  *Id.*

For the government to prove its case against Mr. Combs based solely on circumstantial evidence, the circumstances must be such as to produce a moral certainty of guilt and to exclude any and all other reasonable theories.

(*See Holland* v. *United States*, 348 U.S. 121, 139-140 (1954); Pattern Jury Instructions—First Circuit—Criminal, Instruction #3.05 (1998)).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 8</u>
***Chain of Custody***

During the trial, the government has introduced physical evidence.  In order to find Mr. Combs guilty, based on the physical evidence presented, you must be certain that the evidence is authentic.  This involves two (2) determinations.  First, the government must prove beyond a reasonable doubt that the evidence is what they say it purports to be.  Second, the government must prove a clear "chain of custody" of the item.  In other words, the government must be able to account for the evidence from the time it took control of the item until the time the evidence was presented to you.  For example, with regard to the gun in evidence, the government must account for that item from the time they acquired it.  Each link of the chain must be proven beyond a reasonable doubt.  The government must meet this burden in order for your to find Mr. Combs guilty based upon any item of physical evidence.

*See, Irvin* v. *Ware*, 392 Mass. 745 (1984); *Commonwealth* v. *Drayton*, 386 Mass. 39 (1982).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 9</u>
***Number of Witnesses and Uncontradicted Testimony***

In this case, the government called more witnesses than the defense. This does not mean that you must find the facts in favor of the government. You do not have to accept the testimony of any witness. You have decided which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you believe the fewer witnesses called by the other side. Or, you may believe all the witnesses and yet still conclude that the government has failed to meet its burden and prove its case beyond a reasonable doubt.

In a moment, I will discuss how you should decide which witnesses to believe; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction #4-3) (2002).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 10
*Credibility of Witness*

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You hare the sole judges of the credibility of each witness and of the importance of his or her testimony. If there are any conflicts in the testimony, it is your job to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, only part of it, or none of it. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How was the witness' testimony on direct examination compare with his or her testimony on cross-examination? Was the witness consistent, or were there contradictions?

You may also consider a witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Or does the witness have some bias, prejudice, or hostility that may have caused the witness – consciously or not – to give you something other than a completely accurate account of the facts he testified to?

Importantly, even if a witness seems impartial and seems as though he is trying to tell the truth, you should consider whether the witness had an opportunity to observe the facts he or she testified about. You must consider the circumstances that may have affected the witness's senses

13

and ability to observe: Was it light or dark?  Were the events in question far away or near?  Were there any distractions that could have affected the witness's observations?  Did the events occur recently or long ago?  These and other considerations must be taken into account when weighing the credibility of a witness's testimony.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction #7-1) (2002).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 11</u>
***Law Enforcement Witness***

You have heard the testimony from several police officers in this case. Under no circumstances should you give greater credence to the testimony of these witnesses just because they are police officers. The fact that a witness is a police officer does not make that witness more credible than any other witness.

It is quite legitimate for defense counsel to attack the credibility of a law enforcement officer on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case, or merely by a natural failure to observe certain relevant facts.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a police officer and to give that testimony whatever weight, if any, you believe it deserves.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction #7-16) (2002).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 12</u>
***Consider Only the Offense Charged***

You have heard evidence of acts of the defendant other than those charged in the Indictment. You cannot consider this testimony as evidence that Mr. Combs Quarles committed the crime that he is on trial for now. The defendant is not on trial for any act, conduct, or offense not specifically alleged in the indictment.

*See*, 1A K. O'Malley, J. Grenig & W. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.08 (5th ed. 2000); *United States* v. *Fotovich*, 885 F.2d 241 (5th Cir. 1989) <u>cert.</u> <u>denied</u>, 493 U.S. 1034 (1990); Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 1.06 (1998); Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 7.13 (1991).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 13
*Things Not Done*

Reasonable doubt may also arise from the absence of evidence. The fact that certain tests were not conducted or certain police procedures were not followed could raise a reasonable doubt as to Mr. Combs Quarles guilt.

*See Commonwealth v. Bowden*, 379 Mass. 472, 485-86 (1980).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 14</u>
***Other Acts: Intent, Knowledge, Absence of Mistake***

***[To be given only if Rule 404(b) evidence is admitted]***

The government has offered evidence tending to show that, on a different occasion, the defendant may have engaged in conduct other than the charges set forth in the indictment.

Let me remind you that the defendant is not on trial for committing acts not alleged in the indictment. Accordingly, you may not consider this evidence of other acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other acts was admitted for a much more limited purpose and you may only consider it for that purpose. You may not use this evidence to conclude that, because the defendant committed the other acts, he must have also committed the acts charged in the indictment.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction #5-25) (2002).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 15
*Elements of the Offense*

The indictment charges Mr. Combs with being a person convicted of a crime who possessed a weapon shipped in interstate commerce. For you to find Mr. Combs guilty of this crime, the government must prove all of the following elements beyond a reasonable doubt:

*First,* that Mr. Combs has been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year;

[*If a stipulation is reached*: The parties have stipulated that Mr. Combs has been convicted of a crime which is punishable by imprisonment for a term exceeding one (1) year. You are to take the fact as proven. But you must *not* take that prior conviction into consideration in determining whether he committed the crime charged in this case; you may not allow yourself to be influenced by the prior conviction or consider it as evidence of the defendant's criminal propensity or bad character. The prior conviction was admitted for a limited purpose and you may only consider it for that purpose.]

*Second,* that Mr. Combs *knowingly* possessed the firearm described in the indictment;

*Third,* that the firearm was connected with interstate commerce. This means that the firearm, at any time after it was manufactured, moved from one state to another. The travel need not have been connected to the charge in the indictment and need not have been in furtherance of any unlawful activity.

(Adapted from 1 L. Sand, Modern Federal Jury Instructions, #35.07 (2002); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §39.09 (5th ed. 2000); *U.S.* v. *Bartelho,* 71 F.3d 436, 438 (1st Cir. 1995)).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 16</u>
***Actual Possession***

The term "possession" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership.

Actual possession occurs when a person has direct physical control of something on or around his person.  A person who physically holds something has actual possession of that item.

(O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §§ 39.09, 39.12 (5th ed. 2000); *U.S.* v. *Bartelho*, 71 F.3d 436, 438 (1st Cir. 1995)).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO.: 17
*Constructive Possession*
*[If Government Advances Constructive Possession Theory]*

Possession can also be constructive.  To establish constructive possession, the government must prove, beyond a reasonable doubt, that, although the defendant did not actually possess or touch an item, the defendant knew about the item and had the power and intention to exercise dominion and control over it.

Mere presence or association with another who actually possessed something is not enough to establish constructive possession.  For example, constructive possession is not established merely because a defendant rode in the same vehicle with an individual who had actual possession of a firearm.  Rather, the government must prove beyond a reasonable doubt that the defendant was "in charge" of the criminal activity and thus exercised control over the individual who had direct physical control of the firearm.  Without this element of control, a defendant cannot be convicted under a constructive possession theory.

(O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §39.09 (5th ed. 2000); *U.S.* v. *Hernandez*, 995 F.2d 307 (1st Cir. 1993); *U.S.* v. *Wight,* 968 F.2d 1393, 1397 (1st Cir. 1992)).