UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** ) ) ) ) | |
| v. ) ) | CR. NO.: 05-10237-MLW |
| **ANTOIN COMBS QUARLES** ) ) ) | |

**DEFENDANT ANTOIN COMBS QUARLES' MOTION FOR
INDIVIDUAL *VOIR DIRE* IN CONJUNCTION WITH JURY QUESTIONNAIRE**

___

Defendant, Antoin Combs Quarles, by and through undersigned counsel, hereby moves this Honorable Court to conduct *voir dire* in this case by combining the following three methods:

(1) Question each juror orally on matters most likely to lead to a juror being excused for cause, such as hardship incident to the length and timing of the trial;

(2) Distribute a jury questionnaire (a proposed version of which is attached hereto as Exhibit A) to the remaining panel members; and

(3) Permit limited individual attorney-conducted *voir dire* for jurors for whom no consensus exists regarding being excused based upon responses to the questionnaire or questioning by the Court.

Defendant submits that *voir dire* conducted in this manner will thoroughly address key areas of possible juror bias without unduly prolonging jury selection. Thorough *voir dire* on bias is fundamental to selection of an impartial jury. A trial judge can abuse his or her discretion under Fed. R. Crim. P. 24(a) if the manner and scope of *voir dire* does not reasonably assure that prejudice would be discovered if present. See United States v. Gillis, 942 F.2d 707, 709-10 (10th

Cir. 1991) (error in failure to question potential jurors regarding bias arising from service on overlapping venires).

Absent thorough *voir dire*, defendant cannot intelligently exercise his peremptory challenges. "The Sixth Amendment guarantees defendants the right to an impartial jury. The questioning of prospective jurors at voir dire is critical to preserving that right. 'Without an adequate voir dire, the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the Court's instructions and evaluate the evidence cannot be fulfilled.'" Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981).

*Voir dire* is the defendant's only means to develop the information necessary to decide which juror to challenge peremptorily or for cause. "While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable." Swain v. Alabama, 380 U.S. 202, 220 (1965). Both types of challenges are an essential part of the process of ensuring trial by a fair and qualified jury." *See* United States v. Greer, 968 F.2d 433, 441 (5th Cir. 1992)(en banc)(opinion of Higginbotham, J. and six other justices in favor of reversal).

The jury questionnaire, combined with follow-up questioning of individual jurors, will facilitate honest responses from members of the panel. Unless the examination method of potential jurors is reasonably designed to elicit honest responses, defendant's right to select an impartial jury has little meaning. "[E]ffective voir dire must expose potential bias and prejudice in order to enable litigants to facilitate the empanelment of an impartial jury through the efficient exercise of their challenges." United States v. Noone, 913 F.2d 20, 32 (1st Cir. 1990).

Formulaic questions addressed publicly to the venire on matters of ethnic prejudice and bias in favor of law enforcement officers does not communicate genuine judicial concern with the subject matter of the questions. Instead, they tend to merely elicit socially correct responses that reduce the process of jury selection to form over substance.

WHEREFORE, defendant respectfully requests that this Honorable Court exercise its discretion and allow the attached jury questionnaire and individual *voir dire*.

Respectfully submitted,
By defendant
Antoin Combs Quarles
By his attorney,


   /s/  Scott P. Lopez
Scott P. Lopez, BBO #549556
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA  02108
(617) 742-5700

Dated:  March 20, 2006

## CERTIFICATE OF SERVICE

I, Scott P. Lopez, hereby certify that on the 20th day of March, 2006, I served the within DEFENDANT ANTOIN COMBS QUARLES' MOTION FOR INDIVIDUAL *VOIR DIRE* IN CONJUNCTION WITH JURY QUESTIONNAIRE by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184
Sandra.Bower@usdoj.gov

   /s/ Scott P. Lopez
Scott P. Lopez

**JUROR QUESTIONNAIRE**

**General Instructions for Completing Questionnaire**          Juror Number: _____

  This questionnaire will aid jury selection in the case <u>United States v. Antoine Combs Quarles</u>. Please answer all questions below completely and truthfully. There are no right or wrong answers to these questions. Your answers will be used only for the purpose of selecting the jury in this case. If you have any difficulty answering any questions, do not hesitate to consult the Court before answering that particular question.

  **PLEASE KEEP IN MIND THAT YOU ARE ANSWERING THESE QUESTIONS UNDER OATH AND YOU MUST BE TRUTHFUL.**

Name: _____

City/Town of Residence: _____

1. How long have you lived at your current address? _____

2. Where have you lived in the last 10 years? _____

3. How long have you lived in Massachusetts? _____

4. What is your marital status?: (check one)

   Single _____
   Married _____
   Divorced _____
   Other, and explain _____

5. If married, please list your spouse's full name, occupation and prior occupations:

6. Do you have any children? ____Yes ____No. If yes, please state the number of children, each child's age, and whether or not the child resides with you:

7. What is your occupation or profession? (If retired, what was your occupation or profession?)

8. Have you ever had a different occupation or profession? ____Yes ____No. If yes, what was it?

9. How far did you go in school? _____

10. Is your family income: (check one)

    Less than $30,000 _____
    $30,000 - $60,000 _____
    $60,000 - $100,000 _____
    More than $100,000 _____

11. What hobbies or other things do you like to do in your spare time?

12. Please list your memberships (and the memberships of your spouse) in any social, fraternal or cultural clubs or organization, including any clubs or organizations involved with the issues of crime or drugs:

13. Are there any bumper stickers or other stickers affixed to your vehicle or any family member's vehicle? ____Yes ____No. If yes, what do they say?

14. Have you (or your spouse) ever served in the military? ____Yes ____No. If yes, when and in what branch?

15. Is there any physical, medical or psychological reason(s) (for example, inability to hear, inability to sit for long periods, inability to concentrate) that you could not sit as a juror in this case? ____Yes ____No. If yes, please explain:

16. Have you ever served on a jury before? ____Yes ____No. If yes, please state when and for what type of case:

17. Do you subscribe to any newspapers, magazines or periodicals? ____Yes ____No. If yes, which one(s)?

18. Do you read any newspapers, magazines or periodicals regularly? ____Yes ____No. If yes, which ones?

19. Do you watch television or cable newscasts regularly? ____Yes ____No. If yes, which ones?

20. Do you regularly watch any TV programs involving lawyers or police? ____Yes ____No. If yes, what programs do you watch?

21. Have you ever watched Court TV? ____Yes ____No. If yes, please described what you have watched:

22. Do you listen to any radio programs regularly? ____Yes ____No. If yes, which ones?

23. Have you, your spouse, a relative, or a close friend ever had any training, experience, or employment in law, legal procedures, criminal justice, or criminal investigation? ____Yes ____No. If yes, please describe:

24. Do you have any relatives or close friends who are members of any police force, law enforcement agency, prosecutor's office or security agency? ____Yes ____No. If so, what is the relationship to you and in which office or agency does he or she work?

25. Do you believe a police officer or federal agent is more or less likely to tell the truth than an ordinary citizen? (check one)

    More likely _____
    Less likely _____
    Just as likely _____

26. What is your opinion of criminal defense lawyers?

27. What is your opinion of federal prosecutors?

28. Have you, your spouse, a relative, or a close friend ever been the victim of a crime?

    ____Yes ____No.  If yes, please describe the circumstances:

29. Have you, your spouse, a relative, or a close friend ever been a witness of a crime?

    ____Yes ____No.  If yes, please describe the circumstances:

30. Have you, or any member of your immediate family, or anyone with whom you are close:

    (A) ever answered charges (other than for an alleged moving traffic violation) in a criminal proceeding?  ____Yes ____No.

    (B) ever filed a lawsuit or claim of any kind against any police or other law enforcement officer?  ____Yes ____No.

    (C) ever engaged in litigation with the federal government, that is, ever filed a claim or lawsuit against the United States or any of its agencies, or answered some claim made against you by the federal government?  ____Yes ____No.

    If you answered yes to any of the above, please explain:

5

31. Have you, your spouse, a relative, or a close friend ever had a problem with, been treated for, or ever been addicted to drugs or suffered from a drug-related problem? ____Yes ____No. If yes, please describe the circumstances:

32. Is there any reason you could not completely and honestly apply the law as the Court instructs you at the end of this case to the facts as you find them? ____Yes ____No. If yes, please explain:

33. The government will present evidence that the defendant possessed a firearm. Do you think these charges could affect your ability to be fair and impartial? ____Yes ____No. If yes, please explain:

34. Have your read any newspaper articles or seen any television reports or heard anything on the radio about this case? ____Yes ____No. If so, what?

35. Have you read any newspaper articles or seen any television reports or heard anything on the radio about the defendant? ____Yes ____No. If so, what?

36. Have you heard, read or seen on TV anything about street gangs? ____Yes ____No. If yes, please explain:

6

37. What are your feelings about the possibility of being a juror in a case in which the defendant is charged with having been members of a street gang?

38. Have you heard, read or watched television programs concerning urban violence? ____Yes ____No. If yes, what?

39. You have no legal obligation to like or feel comfortable with a black person but you do have an obligation to tell the Court your feelings candidly and accurately. Do you have any feelings or opinions about black people that would cause you to question your ability to be impartial in evaluating the evidence in this case?

40. Would the fact that Mr. Combs Quarles is a black man make it more difficult for you to decide a verdict in his favor than if he were white?

41. Do you believe that black men are more likely than members of other races to commit crimes?

42. What does it mean to you when a person is arrested and charged with a crime?

43. Under our system of law, a defendant in a criminal case has a guaranteed right to be considered innocent until proven guilty. Do you think a defendant in a criminal trial should be made to prove his innocence? ____Yes ____No. If yes, please explain:

44. The presumption of innocence means that the defendant has an absolute right not to testify. Would you hold it against them in any way if they did not testify? ____Yes ____No. If yes, explain:

45. The defendant is presumed innocent unless the government proves to each member of the jury that they are guilty beyond a reasonable doubt. If the government fails to convince each juror beyond a reasonable doubt of each of the elements of the offenses charged, the defendant must be found not guilty. Do you question or doubt in any way your ability to accept this high standard of proof or the presumption of innocence? ____Yes ____No. If yes, please explain:

46. Are you aware of any prejudice which you may have against the government or the defendant which would in any way impair your ability to fairly and impartially evaluate and judge the facts of this case? ____Yes ____No. If yes, please explain:

47. Are there any other reasons that you might not be able to be a fair and impartial juror in this case? ____Yes ____No. If yes, please explain:

48. Is there any other reason you might not be able to serve as a juror in this case? ____Yes ____No. If yes, please explain:

49. The government claims that on May 23, 2005 Mr. Combs Quarles was in possession of a Smith & Wesson, .38 caliber revolver. Do you have any reaction to the allegations that might make it difficult for you to be fair or impartial in this case?

50. Do you think the fact that this case involves a gun might make it difficult for you to evaluate the evidence in this case fairly and impartially?

51. Mr. Combs Quarles is charged with illegally possessing a gun after having been previously convicted of a crime carrying a possible term of imprisonment of more than one year. Is there anything about this charge that makes you question your ability to be fair and impartial in listening to the evidence in this case?

52. Would you treat the testimony of a police officer differently from that of any other witness?

53. Have any newspaper articles, television reports, or media coverage about crime, shootings, violence, or firearms affected you in a way which might make it difficult for you to decide this case solely upon the evidence produced at trial?


The answers that I have given are true and correct to the best of my knowledge.


                                                                                                      _____
                                                                                                      Juror Signature