UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

v.                               Crim. No. 05-10237-MLW

**ANTOIN QUARLES COMBS**

_____

## UNITED STATES' MOTION IN LIMINE REGARDING PHYSICAL DEMONSTRATION BY DEFENDANT

The United States moves for an order in limine that the government be permitted to require the defendant to briefly stand up before the jury at some point in its case-in-chief. Such a physical demonstration is not testimonial and therefore, does not implicate the Fifth Amendment. Schmerber v. California, 384 U.S. 757, 761 (1966)(Fifth Amendment protects individuals from compelled testimonial communications); United States v. Wade, 388 U.S. 218, 222 (1967)(holding, *inter alia*, that actual communication required as basis for testimonial communication.) In determining that identification line-ups are non-testimonial, the Supreme Court in *Wade* noted that:

> [W]e have no doubt that compelling the accused merely to exhibit his person for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is no compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have.

Id.

Requiring the defendant to stand before the jury does not require him to "communicate" within the meaning of the Fifth Amendment. United States v. Silvestri, 790 F.2d 186, 189 (1st Cir. 1986)(compelling defendant to stand up and identify himself after witness described defendant but could not remember his name not Fifth Amendment violation because not testimonial); see also United States v. Maceo, 873 F.2d 1, 5-6 (1st Cir.1989)(compelling examination of defendant's teeth and gums not Fifth Amendment violation because not testimonial); United States v. Valenzuela, 722 F.2d 1431, 1433 (9th Cir. 1983)(compelling defendant to shave beard and mustache at trial to aid identification not Fifth Amendment violation because not testimonial); United States v. Santana, 175 F.3d 57, 64 n6 & 67(1st Cir. 1999)(although holding that it was error to allow jury during its deliberations to return to courtroom to observe defendant's ears, which had been obscured by headphones during trial, such demonstration would have been proper during trial); United States v. Bullard, 37 F.3d 765, 769 (1st Cir. 1994)(because defendant had no Fifth Amendment right to refuse to put on a hat it was permissible for the prosecutor to argue inference of guilt from defendant's refusal to cooperate).

The government anticipates that the evidence at trial will be that it took four police officers to successfully subdue the defendant and wrest the gun from him in the fierce battle over

control of the firearm.  The defendant is a large man-6 feet 4 inches tall and 215 pounds-according to his booking form.  The defendant's large size is relevant to corroborate the testimony concerning the struggle.  The jury will not be able to observe the defendant coming into and out of the courtroom because he is in custody and he will already be at counsel table when the jury is brought in.  The government requests that the Defendant be required to briefly stand up in front of the jury box so that they may observe his height and weight.  This demonstration also is not prejudicial, let alone unduly so.  Care can be taken so that the defendant's custody status is not revealed. The defendant is only being compelled to display to the jury what he puts on public display each and every day-that is, his physical presence.

## CONCLUSION

Based on the foregoing, the government's motion in limine should be allowed.

>                       Respectfully submitted,
>
>                       MICHAEL J. SULLIVAN
>                       United States Attorney
>
>                   By: /s/Sandra S. Bower
>                       SANDRA S. BOWER
>                       JOHN A. WORTMANN, Jr.
>                       Assistant United States Attorneys
>                       1 Courthouse Way, Suite 9200
>                       Boston, MA 02210
>                       (617) 748-3184

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 21, 2006.

<u>/s/ Sandra S. Bower</u>
SANDRA S. BOWER
Assistant U.S. Attorney