```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                           )
                           )
        v.                 )      CRIM. NO. 05-10237-MLW
                           )
ANTOIN QUARLES COMBS       )
```

### GOVERNMENT'S OPPOSITION TO MOTION TO EXCLUDE REFERENCE TO POLICE OFFICER'S ASSIGNMENT

The government is in receipt of the defendant's motion to exclude from evidence any reference to the fact that Officers Bickerton and Conway were involved in a drug investigation on May 23, 2005 immediately prior to the events that gave rise to the seizure of the firearm from the defendant. The only basis for the defendant's motion is the claim that "stating that the officer's were conducting a drug investigation has the likely potential of prejudicing the jury into believing that defendant was the subject of the officer's focus because he was involved in drug trafficking." No case citation supports this dubious proposition.

The motion should be rejected. To the extent that the defendant believes that the jury could infer that the defendant was the target of a drug investigation on May 23, 2005 and that this could somehow be unfairly prejudicial, it can be cured with a simple question on cross-examination. As the defendant well knows, the officers were not involved in any such investigation. The possibility of such prejudice is therefore an illusion.

The evidence that the Officers were there on a drug investigation is of course relevant to show the reason for their presence and to put their subsequent actions into context.  See United States v. Benefield, 942 F.2d 60 (1st Cir. 1991)(testimony that police officers were patrolling in area of numerous recent robberies properly admitted to explain reason for being in area and heightened awareness at time of crime at issue); United States v. Cruz, 352 F.3d 499, 506 (1st Cir. 2003)(testimony by police officer regarding drug activity in area admissible to, among other things, explain police presence at scene).  See also United States v. Liranzo, 385 F.3d 66, 71 (1st Cir. 2004) (affirming admission of testimony that officers were assigned to the North shore Gang Unit where reasonableness of officer's conduct was placed in issue).

The defendant's blanket assertion that the relevance of this basic testimony is somehow outweighed by the scepter of "unfair prejudice" also misses the mark.  To even establish the possibility of "unfair prejudice," the defendant must show that the testimony at issue could "invite the jury to render a verdict on an improper emotional basis." United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir.2000).  Because no such prejudice could arise here given how easily any inference of the type alleged by the defendant could be dispelled, the defendant's motion should be denied.  This is particularly appropriate given the fact that drugs were found on the defendant in connection with his arrest.

<u>See also</u> the points and authorities submitted in connection with the Government's Opposition to Motion to Exclude "Unfairly Prejudicial References" (March 21, 2006).

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

_____      By:  <u>/s/ John A. Wortmann, Jr.</u>
                                        JOHN A. WORTMANN, JR.
                                        SANDRA BOWER
                                        Assistant U.S. Attorneys
                                        One Courthouse Way
                                        Boston, MA 02210
                                        (617)748-3207