UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) | CR. NO.: 05-10237-MLW |
| **ANTOIN COMBS QUARLES** | ) ) ) | |

**DEFENDANT ANTOIN COMBS QUARLES' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* REGARDING STATEMENTS OF DEFENDANT**
_____

Defendant Antoin Combs Quarles hereby opposes the government's motion *in limine* and supplemental motion regarding his alleged statements to the extent it seeks to admit the statement "I ain't going back to jail." In support of this opposition Mr. Combs Quarles states, by and through his attorney, the following:

1. The government charges Mr. Combs Quarles as a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). The government's case against Mr. Combs Quarles rests solely on the purported observations of police officers that he was in possession of a firearm. Indeed, there is no other evidence besides the officers' purported testimony that links Mr. Combs Quarles to the firearm that was allegedly in his possession. If convicted, Mr. Combs Quarles will presumably be facing a mandatory minimum sentence of fifteen years in prison.

2. The statement "I ain't going back to jail," which incidentally was not heard by any of the civilian witnesses at the scene of Mr. Combs Quarles arrest, should be excluded because its admissibility is prohibited by Fed. R. 404(b) and ts probative value is substantially outweighed by the danger of unfair prejudice pursuant to Fed. R. 403.

3. It is well-established that evidence of prior bad acts is inadmissible to show bad character and consequent propensity to commit a crime, but may be admitted to prove, among other things, knowledge, intent, or absence of mistake or accident. Fed.R.Evid. 404(b); see also, e.g., United States v. Aguilar-Aranceta, 58 F.3d 796, 798 (1st Cir.1995); United States v. Arias-Montoya, 967 F.2d 708, 709 (1st Cir.1992). Although logically relevant, "propensity" or "bad character" evidence carries an unacceptable risk that a jury will convict for crimes other than those charged, or that it will convict, although uncertain of guilt, because a bad person deserves punishment. Arias-Montoya, supra at 709; United States v. Moccia, 681 F.2d 61, 63 (1st Cir.1982). Such evidence therefore is inadmissible as a general rule, but may be admissible if it has "special" probative value beyond mere relevance that does not derive from "bad character" or "propensity." Arias-Montoya, supra at 709; Moccia, supra at 63.

4. This Circuit applies a two-part test to determine whether evidence of a prior bad act is admissible. First, the evidence must overcome the "absolute bar" of Fed.R.Evid. 404(b) by being specially probative of an issue in the case-such as intent or knowledge-without including bad character or propensity as a necessary link in the inferential chain. See Aguilar-Aranceta, supra at 798; United States v. Ferrer-Cruz, 899 F.2d 135, 137 (1st Cir.1990). If the proffered evidence has "special relevance," it is nonetheless inadmissible if its probative value is "substantially outweighed by the danger of," *inter alia*, "unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403; Aguilar-Aranceta, 58 F.3d at 798. "The trial judge ⋯ must weigh the special relevance against the prejudicial risk, taking into account the likely hostile jury reaction that underlies the common law rule." Moccia, supra at 63.

5. Clearly, the statement "I ain't going back to jail," if said, is evidence of other crimes, wrongs, or acts and is therefore not admissible under Rule 404(b).

6.	Moreover, the government does not even suggest that it has any special relevance. Indeed, the government has neither argued that it is admissible under Rule 404(b) nor given the notice required by Rule 404(b).

7.	In addition, it does not tend to prove any issue of consequence in the government's case-in-chief.  Rather, the government contends that it is relevant to the defendant's anticipated "plant" defense.  Essentially, the government's position is that they would like to introduce evidence in their case-in-chief to rebut what they anticipate will be defendant's defense.  Simply put, this is not the way it works.

8.	Finally, it is clear that whatever slight, if any, probative value this statement may have, said value is substantially outweighed by the danger of unfair prejudice.  See United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002); United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996) (Evidence of other bad acts may be admitted over Rule 404(b)'s "absolute bar" only if it is "specially probative" of an issue without including bad character or propensity as a necessary link in the inferential chain.).

Accordingly, the government's motion should be denied.

>	Respectfully submitted,
>	By defendant
>	Antoin Combs Quarles
>	By his attorney,
>
>	  /s/  Scott P. Lopez
>	Scott P. Lopez, BBO #549556
>	Law Office of Scott P. Lopez
>	24 School Street, 8th Floor
>	Boston, MA  02108
>	(617) 742-5700

Dated:  March 24, 2006

3

CERTIFICATE OF SERVICE

    I, Scott P. Lopez, hereby certify that on the 24th day of March, 2006, I served the within DEFENDANT ANTOIN COMBS QUARLES' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* REGARDING STATEMENTS OF DEFENDANT by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184
Sandra.Bower@usdoj.gov


   /s/ Scott P. Lopez
Scott P. Lopez