**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| **v.** ) | **CR. NO.: 05-10237-MLW** |
| ) | |
| **ANTOIN COMBS QUARLES** ) | |

**DEFENDANT ANTOIN COMBS QUARLES' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* REGARDING ADMISSION OF BPD TURRET TAPES**

Defendant Antoin Combs Quarles hereby responds to the government's motion *in limine* regarding admission of limited excerpts of Boston Police Department Turret Tapes, by and through his attorney, as follows:

1.    Defendant has no objection to the admission of the turret tapes or the transcripts so long as the entire length of the turret tapes, from beginning to end, are played and transcribed for the Court.

2.    Specifically, Fed. R. Evid. 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." The common-law doctrine of completeness, on which Rule 106 is based, likewise requires that a full document or set of documents be introduced: [W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore admissible. Beech Aircraft Corp. v. Rainey, 448 U.S. 153, 172, 109 S.CT. 439, 451, 102 L.Ed.2d 445 (1988).

3.      Underlying Rule 106, is a principle of fairness requiring the introduction of an entire or related document if necessary for  the "fair and impartial understanding of the admitted portion" or document.  United States v. Marin, 669 F2d 73, 84 (2d Cir. 1982).

4.      Alternatively, if the entire length of the turret tape is not available, then defendant objects to the admission of any portion of the turret tape.

5.      Moreover, as of today's date, undersigned counsel has received only one preliminary transcript and one final transcript.  As for the final transcript received two days ago, defendant objects to the changes made to the preliminary transcript.  Specifically, the first statements attributable to Bickerton (line 3 through 5) are not consistent or are unintelligible on the tape and diskette provided.  Indeed, the word "unit" is missing from the preliminary and final transcripts and the words "saying he was going" are not clear on the tape or diskette.

6.      Finally, if only excerpts of the turret tapes are admitted, then the Conway excerpt should be stopped after he allegedly yells "Send that units now" and this phrase should not be capitalized and the Bickerton excerpt should be  stopped after he says "We got him in custody." The excerpts thereafter are irrelevant to the issues in this case.

Accordingly, the government's motion should be denied unless the entire turret tape, from the beginning of the incident (i.e., when the officers called in the fact that they were following a suspicious vehicle) until the defendant is in custody, is also admitted into evidence.

Respectfully submitted,
By defendant
Antoin Combs Quarles
By his attorney,


  /s/  Scott P. Lopez
Scott P. Lopez, BBO #549556
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA  02108
(617) 742-5700

Dated:  March 24, 2006


<u>CERTIFICATE OF SERVICE</u>

I, Scott P. Lopez, hereby certify that on the 24th day of March, 2006, I served the within DEFENDANT ANTOIN COMBS QUARLES' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* REGARDING ADMISSION OF BPD TURRET TAPES by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184
Sandra.Bower@usdoj.gov


  /s/ Scott P. Lopez
Scott P. Lopez