UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
**UNITED STATES OF AMERICA**          )
                                      )
  **v.**                              )   CR. NO.  05-10237-MLW
                                      )
**ANTOIN QUARLES COMBS**              )
_____)

**DEFENDANT ANTOIN COMBS QUARLES' MOTION *IN LIMINE*
FOR A PRE-TRIAL RULING ON THE USE OF HIS PRIOR CONVICTIONS
AS IMPEACHMENT SHOULD HE TESTIFY**
_____

Defendant Antoin Combs Quarles, by and through undersigned counsel, hereby moves this Court to make a pre-trial ruling precluding the government from using any convictions involving the possession of firearms or drugs, or involving any actual or threatened violence, to impeach him, should he choose to testify in his own defense. As grounds for this motion, defendant states that the convictions are inadmissible under Fed. R. Evid. 401, 402, 403, 404(b), and 609(a)(1).[1]

    I.    PRIOR CONVICTIONS ARE INADMISSIBLE AS SUBSTANTIVE EVIDENCE.

The government has charged Mr. Combs Quarles as a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). The government's case against Mr. Combs Quarles rests entirely on the purported observations of police officers that he was in possession of a firearm.

It is well established that the government may not introduce evidence of Mr. Combs Quarles' criminal record or prior bad acts to prove "criminal character or

---

[1] Defendant notes that the government has not indicated any desire to introduce any of defendant's prior convictions pursuant to Fed. R. Evid. 404(b).

propensity to commit similar crimes." United States v. Houle, 237 F.3d 71, 77 (1st Cir. 2001); *see also* Fed. R. Evid. 404(b).  Evidence of other bad acts may be admitted over Rule 404(b)'s "absolute bar" only if it is "specially probative of an issue in this case – such as intent or knowledge – without including bad character or propensity as a necessary link in the inferential chain." United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002) (quoting United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996)). Here, Mr. Combs Quarles' purported prior bad acts and criminal record are irrelevant to any issue in this case and therefore, must be excluded.[2]

    II.    IF DEFENDANT TESTIFIES, THE GOVERNMENT SHOULD ALSO BE PRECLUDED FROM USING ANY PRIOR CONVICTION OTHER THAN HIS CONVICTIONS FOR TELECOMMUNICATIONS FRAUD TO IMPEACH HIM.

Pursuant to Fed. R. Evid. 609(a)(2), defendant concedes that the government is entitled to impeach defendant, should he testify, with his 1994 convictions for telecommunication fraud because they are crimes of dishonesty. Cf. United States v. Tracy, 36 F.3d 187, 192 (1st Cir. 1994).

However, if the defendant testifies, the government should be precluded from impeaching Mr. Combs Quarles with any of his remaining prior convictions, particularly where the jury will hear that the parties have stipulated to defendant's prior felony conviction and the government will have the telecommunication fraud convictions to use

---

[2] Admittedly, Mr. Combs Quarles' criminal record is relevant in the sense that having been convicted of "a crime punishable by imprisonment for a term exceeding one year" is an element of the crime with which he is charged.  *See* 18 U.S.C. §922(g)(1). However, Mr. Combs Quarles will stipulate to this fact, rendering the introduction of his record unnecessary.  The Supreme Court has held that "a district court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." Old Chief v. United States, 519 U.S. 172, 174 (1997).

during its impeachment.  See Fed. R. Evid. 609(a)(1); see also Exhibit A attached hereto (list of defendant's prior convictions within the past ten years).  Also, the government should not be permitted to introduce evidence of the nature or circumstances of his prior convictions because the probative value of his prior convictions do not outweigh their prejudicial effect.  See Fed. R. Evid. 609(a)(1).

Clearly, defendant's prior convictions for assault and battery on a police officer and resisting arrest because crimes of violence are not generally considered to be probative of defendant's veracity.  "Acts of violence …may result from a short temper, a combative nature, extreme provocation, or other causes, [and] generally have little or no direct bearing on honesty and integrity."  Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967); see also Miller v. Hoffman, 1999 WL 415402 at * 3 (E.D.Pa. June 22, 1999)("Courts have found that crimes involving physical violence, such as assault … are not significantly associated with veracity."); United States v. Sallins, 1993 WL 427358 at *4 (E.D. Pa. October 18, 1993)("Assaultive crimes are not probative of truthfulness").

Moreover, defendant's prior firearm and drug offenses carry a grave risk of prejudice in this case, where the government will be eliciting testimony that the officers were engaged in a drug investigation when they stopped the vehicle in which he was traveling as a passenger and have charged him with being a felon in possession of a handgun.  Given the similarity of the prior convictions to the offense charged, the danger that the jury will improperly treat this evidence as propensity evidence is especially great. Compare United States v. Karas, 950 F.2d 31, 37 (1st Cir. 1991) (finding error in admission of evidence of defendant's cocaine trafficking in unrelated marijuana conspiracy trial); United States v. Flores Perez, 849 F.2d 1, 5-6 (1st Cir. 1988)(court

3

reversed a conviction for aiding and abetting an illegal firearms transaction because of the improper admission of a prior charge of possessing an unlicensed gun and receiving a stolen one); United States v. Lynn, 856 F.2d 430, 436-437 (reversing conviction for improper admission of prior drug convictions in drug case); .

Accordingly, if Mr. Combs Quarles testifies, the government should be precluded from using any prior conviction other than his convictions for telecommunication fraud to impeach his testimony. Moreover, a pre-trial ruling will permit Mr. Combs Quarles to make an informed decision regarding his testimony in his case.

                                             Respectfully submitted
                                             By Defendant,
                                             ANTOIN QUARLES COMBS
                                             By his attorneys

                                             /s/ Scott P. Lopez
                                             Scott P. Lopez
                                             Law Office of Scott P. Lopez
                                             24 School Street, 8th Floor
                                             Boston, MA 02108
                                             (617) 742-5700

## CERTIFICATE OF SERVICE

I, Scott P. Lopez, hereby certify that on the 26th day of March, 2006, I served the within DEFENDANT ANTOIN COMBS QUARLES' MOTION *IN LIMINE* FOR A PRE-TRIAL RULING ON THE USE OF HIS PRIOR CONVICTIONS AS IMPEACHMENT SHOULD HE TESTIFY by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3184
Sandra.Bower@usdoj.gov

                                             /s/ Scott P. Lopez
                                             Scott P. Lopez

# EXHIBIT A

**Antoin Combs Quarles - Prior Convictions for Fed. R. Evid. 609 Analysis**

| DATE | OFFENSE | COURT | DISPOSITION DATE | DISPOSITION |
|---|---|---|---|---|
| 1/6/2004 | Sale of Hallucinogenic Narcotic | New London, CT | 6/1/1994 | 10 years, execution suspended Probation for 3 years |
| 4/29/1999 | Probation Violation on above matter | New London, CT | 4/29/1999 | 4 years to serve; probation terminated on above matter |
| 12/6/1994 | Telecommunication Fraud - c. 166, s. 42A | Dudley | 6/18/1996 | 7 days committed |
|  | Telecommunication Fraud - c. 166, s. 42B | Dudley | 6/18/1996 | 7 days committed concurrent |
|  | Receiving Stolen Property Over $250 | Dudley | 6/18/1996 | 7 days committed concurrent Credit for Time Served |
| 5/15/1996 | Distributing Class B | Dorchester | 7/2/1996 | 2 and 1/2 years suspended, 1 year to serve balanced suspended for 2 years |
| 3/19/1997 | Carrying Dangerous Weapon | Dorchester | 4/8/1997 | 1 year HOC committed concurrent with probation matter |
|  | Assault and Battery on Police Officer | Dorchester | 4/8/1997 | Concurrent with above |
|  | Assault and Battery on Police Officer | Dorchester | 4/8/1997 | Concurrent with above |
|  | Resisting Arrest | Dorchester | 4/8/1997 | Filed |
| 12/12/1996 | Escape | Roxbury | 5/5/1997 | 9 months committee, concurrent with sentence above |
| 6/22/2003 | Assault and Battery on Police Officer | West Roxbury | 2/12/2004 | 18 months HOC, suspended for 2 years to 2/10/2006 |
|  | Resisting Arrest | West Roxbury | 2/12/2004 | Concurrent with above |
| 5/5/2005 | Possession w/Intent to Distribute Class D | Dorchester | 8/4/2005 | 2 years HOC suspended for 2 years to 8/3/2007 |