UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** ) ) ) ) | |
| v. ) | CR. NO.: 05-10237-MLW |
| ) | |
| **ANTOIN COMBS QUARLES** ) ) ) | |

### DEFENDANT ANTOINE COMBS QUARLES' SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, defendant Antoin Combs Quarles, by and through undersigned counsel, hereby requests the Court to include one additional instruction in its final charge to the jury.

Respectfully submitted,
By defendant
Antoin Combs Quarles
By his attorney,

  /s/  Scott P. Lopez
Scott P. Lopez, BBO #549556
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA  02108
(617) 742-5700

Dated:  March 30, 2006

CERTIFICATE OF SERVICE

I, Scott P. Lopez, hereby certify that on the 30th day of March, 2006, I served the within DEFENDANT ANTOIN COMBS QUARLES' SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184
Sandra.Bower@usdoj.gov

   /s/ Scott P. Lopez
Scott P. Lopez

DEFENDANT'S SUPPLEMENTAL REQUESTED NO.: 1
*Intimidation of Defense Witness Instruction*

If you find that ATF Special Agent Lisa Rudnicki attempted to prevent Samia Hicks from testifying by threats or intimidation, you may draw an inference adverse to the prosecution. Such an adverse inference may be sufficient by itself to raise a reasonable doubt as to the defendant's guilt in this case.

See People v. Zamora, 92 Cal.App.3d 614, 155 Cal. Rptr. 109, 121-22 (1979)(holding that an adverse inference instruction is an appropriate sanction for police misconduct); People v. Zamora, 28 Cal.3d 88, 615 P.2d 1361, 1370, 167 Cal. Rptr. 573, 582 (1980)(Supreme Court of California affirmed Court of Appeal's adverse inference instruction).

See also Merced v. McGrath, 2004 WL 302347*11-12 (N.D. Cal. 2004)(case not reported in F.Supp.2d)(where Court, upon a petition for federal habeas relief, rejected jury instruction argument because defendant failed to request the instruction at trial.). The above instruction was adapted from the Merced case.