```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CRIMINAL NO. 05-10237-MLW |
| ) | |
| **ANTOIN QUARLES COMBS** ) | |
| ) | |

## GOVERNMENT'S PROPOSED INSTRUCTION ON WITNESS INTIMIDATION (IF THE COURT CONCLUDES THAT SUCH AN INSTRUCTION IS WARRANTED)[1]

   The defendant asserts that there is evidence in this case that ATF Special Agent Lisa Rudnicki attempted to intimidate a witness in this case in order to dissuade her from testifying.

   Before you can consider this issue you first determine what Ms. Rudnicki intended when she approached the witness. It is permissible for law enforcement agents to continue their investigation through trial, to interview witnesses near the time of trial, and to remind them of their obligation to tell the truth and the serious obligations that every witness takes when he or she is sworn. However, if you believe that Ms. Rudnicki intended more, that is to keep a witness from giving truthful testimony in this trial, then you may draw an adverse inference to the government.

---

   [1] The government asserts that is not based on the very decisions cited by the defendant.

Evidence that a government agent improperly attempted to dissuade a witness from testifying by threats, intimidation or other means may allow you to draw an inference adverse to the government.

It is for you to consider whether you believe this evidence, what inferences you draw from it and what weight and significance you accord it in the circumstances of this case.[2]

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

By:         */s/ John A. Wortmann, Jr.*
             JOHN A. WORTMANN, JR.
             SANDRA BOWER
             Assistant U.S. Attorneys

Date:  March 31, 2006

---

[2] Supporting authorites include the cases cited in united States v. Pina, 2003 WL 252115 (D. Mass. 2003); United States v. Gonzalez-Sanchez, 825 F.2d 572 (1st Cir. 1987).