UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
v.                                  )   CR. NO. 05-10237-MLW
                                    )
**ANTOIN QUARLES COMBS**            )
_____)

**POST-TRIAL MOTION FOR JUDGMENT OF ACQUITTAL OR,
IN THE ALTERNATIVE, FOR A NEW TRIAL**
_____

Defendant Antoin Combs Quarles hereby moves, pursuant to Fed. R. Crim. P. 29(c) that the Court set aside the guilty verdict returned in this case and enter a judgment of acquittal on the indictment. In the alternative, defendant moves that the Court grant a new trial under Fed. R. Crim. P. 33 because the verdict is against the weight of the evidence.

In support of this motion, Mr. Combs Quarles states, by and through undersigned counsel, that the evidence, taken in the light most favorable to the government, is insufficient to permit a reasonable finder of fact to conclude, beyond a reasonable doubt:

1) that the Smith & Wesson .38 caliber Model 36 revolver, Serial No. J517421, actually traveled in interstate commerce from Massachusetts to New York; and

2) that defendant's alleged possession of both the firearm and ammunition actually "affected" interstate commerce.

In addition, Mr. Combs Quarles states, by and through undersigned counsel, that the verdict is contrary to the weight of the evidence.

I.   THE COURT SHOULD ENTER A JUDGMENT OF ACQUITTAL.

It is well settled that although all reasonable inferences should be drawn in favor of the government, the totality of the evidence must be considered. See United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993). That standard means that where only a

scintilla of evidence, viewed in isolation, supports an inference of guilt, the government has not met its burden. Because the evidence, when viewed in a light most favorable to the government, fails to establish all of the elements of the offenses charged, a conviction under 18 U.S.C. § 922(g)(1) should not be sustained.

Specifically, in this case, the government introduced two documents to establish that the firearm at issue was shipped from Smith & Wesson's headquarters in Springfield, Massachusetts to John Jovino Inc. in New York, New York. The first document introduced into evidence was admitted during the testimony of Ronald P. Borgio. Mr. Borgio's testimony established that Exhibit No. 9 was a shipping order and packing list that indicated that the firearm was shipped to John Jovino on or about January 28, 1977. See Copy of Exhibit 9 attached hereto as Exhibit A.[1] However, the Smith & Wesson shipping documents do not indicate or prove that the firearm was actually shipped and received by John Jovino.

Rather, to establish that John Jovino actually received the firearm from Smith and Wesson, and therefore establish that the firearm did in fact travel in interstate commerce, the government introduced a second document from John Jovino's records, which the government alleged, indicated that John Jovino actually received the firearm. See Copy of Exhibit 10A attached hereto as Exhibit B. Unfortunately for the government, Exhibit 10A was introduced into evidence without any explanation other than Mr. Wortmann reading the notations on the document. Indeed, the government decided not to call a witness from John Jovino to explain the notations on Exhibit 10A to the jury.

A careful review of Exhibit 10A indicates that the information contained on it is incomplete, at best. First, nothing on the document indicates that it is a record made by John Jovino. Second, Exhibit 10A contains some, but not all of the information

---

[1] Defendant notes that the Exhibit and Witness List filed in this case does not show that Exhibits 9 or 10A were admitted during trial. However, undersigned counsel's memory is that these documents were marked and admitted by the government during its case-in-chief.

2

contained on Exhibit 9.  Third, the jury would have had to infer, without the benefit of testimony, that the item with Serial Number J517-421 came from Smith & Wesson even though the name of the manufacturer next to item J517-421 is blank on the form. Alternatively, the jury would have had to infer, without the benefit of testimony, that all the items listed on Exhibit 10A came from Smith & Wesson, because the name Smith & Wesson is only listed once.

In addition, a review of Exhibit 10A also raises questions about the significance of the second page of the document.  Again, because the government did not present any witness to explain the significance of the notations on Exhibit 10A, the jury was left to guess and speculate about whether Exhibit 10A meant that the firearm was actually received by John Jovino on or about January 28, 1977.

Under these circumstances, defendant submits that the evidence, taken in the light most favorable to the government, is insufficient to permit a reasonable finder of fact to conclude, beyond a reasonable doubt that the firearm was actually shipped and received by John Jovino.  See United States v. Harrison, 103 F.3d 986, 991 (D.C. Cir. 1997) quoting United States v. Long, 905 F.2d 1572, 1576 (D.C. Cir. 1990)(Thomas, J.)(A jury is entitled to draw a vast range of reasonable inferences from evidence, but may not base a verdict on mere speculation.")  Because the "government's web of inference is too weak to meet the legal standard of sufficiency, a judgment of acquittal is appropriate on the firearm charge.[2]  United States v. Teffera, 985 F.2d 1082, 1086 (D.C. Cir. 1993); but see, United States v. Hernandez, 218 F.3d 58, 64 (1st Cir. 2000)(quoting United States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992)(The reviewing court "must uphold any verdict that is 'supported by a plausible rendition of the record.'"); see also United States v. Castellini, 392 F.3d 35, 44 (1st Cir. 2004) ("On challenges to sufficiency of the evidence,

---

[2] Defendant further notes that because the ammunition found in the firearm at issue was not manufactured in Massachusetts, a judgment of acquittal would not be appropriate on the ammunition charge unless the Court further concludes that defendant's second argument is correct.

we take all the evidence and inferences in the light most favorable to the verdict and ask whether a rational fact finder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime.").

In addition, the government has failed to establish that the firearm or ammunition at issue were "possess[ed] in or affect[ed] interstate commerce" where the only evidence was slim, at best. Indeed, the holding in <u>Scarborough v. United States</u>, 431 U.S. 572, 575-578 (1977) has been called into doubt by the Supreme Court's decision in <u>Jones v. United States</u>, 529 U.S. 848 (2000), where the Court reversed a conviction under 18 U.S.C. § 844(i), holding that the arson statute required proof that the property that was the subject of the arson or attempted arson be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." Accordingly, where the government's evidence was limited to proof that the firearm and ammunition traveled in interstate commerce "at some remote time in the past," defendant submits that the evidence was insufficient to establish the requisite nexus between the firearm and ammunition as interpreted by the Supreme Court in its <u>Jones</u> decision. But <u>see</u>, <u>United States v. Weems</u>, 322 F.3d 18, 24 (1st Cir. 2003)(rejecting this argument); <u>United States v. Wilkerson</u>, 411 F.3d 1, 10 (2005)(rejecting this argument and holding that evidence that a firearm has traveled at some time in interstate commerce is sufficient to establish a nexus between the firearm and interstate commerce).

II.   <u>THE COURT SHOULD GRANT A NEW TRIAL</u>.

When a motion for a new trial is made on the ground that the verdict is contrary to the weight of the evidence, the question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The Court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the Court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice

4

may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.  While this authority should be exercised sparingly and with caution, the Court nevertheless has wide discretion in deciding whether to grant a new trial in the interest of justice.  United States v. Lincoln,  630 F.2d 1313, 1319 (8th Cir.1980);  United States v. Sanchez,  969 F.2d 1409, 1413 (2d Cir.1992); United States v. Brennan, 326 F.3d 176, 188-189(3d Cir. 2003).

In the present case, Mr. Combs Quarles submits, by and through undersigned counsel, that the verdict in this case was contrary to the weight of the evidence.  Indeed, the only evidence the government presented to prove that Mr. Combs Quarles was actually in possession of a firearm and ammunition was the testimony of two Boston Police officers, Bickerton and Conway, who testified, *inter alia*, that they saw the gun in Mr. Combs Quarles possession.  No other evidence was presented that tended to prove this essential fact.

On the other hand, the defendant presented a substantial amount of evidence which discredited the officers' testimony, including the fact that they beat Mr. Combs Quarles with a firearm, radio and maglite (flashlight).  Not only did these officers have a motive to lie because they seriously injured defendant, but their demeanor during their testimony also left the impression that they were not being truthful.  In addition, the defense presented a fingerprint expert who lifted a latent print from the firearm and excluded Mr. Combs Quarles as the person who left the print.  The Court also heard from an eyewitness, Samia Hicks, who not only testified that she did not see any firearm in defendant's possession, but also corroborated the fact that the officers on the scene seriously beat and injured defendant.  Moreover, Ms. Hicks testified despite being threatened with a perjury prosecution by the government's representative, Special Agent Lisa Rudnicki.  Finally, Samia Hicks' credibility was further enhanced by the fact that the government did not call SA Rudnicki to rebut Ms. Hicks testimony in rebuttal.

In sum, defendant submits that the evidence in this case preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred. Accordingly, defendant respectfully requests the Court to set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

WHEREFORE, defendant respectfully requests that the Court grant this post-verdict motion for acquittal and enter a judgment of acquittal in the above-captioned matter. Alternatively, defendant respectfully requests that the Court set aside the verdict and grant a new trial.

> Respectfully submitted
> By Defendant,
> ANTOIN QUARLES COMBS
> By his attorneys
>
>  /s/ Scott P. Lopez
> Scott P. Lopez, BBO# 549556
> Law Office of Scott P. Lopez
> 24 School Street, 8th Floor
> Boston, MA  02108
> (617) 742-5700

## CERTIFICATE OF SERVICE

I, Scott P. Lopez, hereby certify that on the 7th day of April, 2006, I served the within MOTION FOR JUDGMENT OF ACQUITTAL by electronic mail on the following counsel of record at the following address:

Sandra S. Bower
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184
Sandra.Bower@usdoj.gov

>  /s/ Scott P. Lopez
> Scott P. Lopez

# Smith & Wesson
*A Bangor Punta Company*

SHIPPING NO. H00745
M/I = 007311

| CUST. NO. | TYPE | | SPECIAL SHIPPING OR OTHER INSTRUCTIONS |
|---|---|---|---|
| 3975 | 11 | 01/01/77 | |

SHIP TO: JOHN JOVINO
5 CENTER MARKET PLACE
NEW YORK, NEW YORK
10013

DATE SHIPPED _____
FREIGHT CHARGE

| ITEM NO. | CUSTOMER'S ORDER NO. | PRODUCT CODE | DESCRIPTION | QUANTITY |
|---|---|---|---|---|
| | 4483 | | TARGET TRIGGER | |
| | | | TARGET HAMMER | |
| 035 | | 0272025031 | 357 MAG 5IN SQ BRBL | 2 |
| 037 | | 0272028431 | 357 MAG 8 3/8IN SQ BRBL | 2 |
| 045 | | 0292026531 | 44 MAG 6 1/2IN SQ BRBL | 3 |
| 048 | | 0292046531 | 44 MAG 6 1/2IN SQ NKL | 2 |
| 055 | | 0341042021 | 22/32 KIT GUN 2IN RD NKL | 2 |
| 056 | | 0341042031 | 22/32 KIT GUN 2IN SQ NKL | 2 |
| 061 | | 0360042021 | 38 CHIEFS SPEC 2IN RD NKL | 10 |
| 062 | | 0360042031 | 38 CHIEFS SPEC 2IN SQ NKL | 2 |
| 064 | | 0361043021 | CHIEF SPEC HB 3IN RD NK | 5 |
| 067 | | 0370042021 | 38 CHIEFS SP AWT 2 RD NKL | 5 |
| 068 | | 0370042031 | 38 CHIEFS SP AWT 2 SQ NKL | 2 |
| 069 | | 0380012821 | 38-BODY GD AWT 2IN RD BL | 5 |
| 070 | | 0380042021 | 38-BODY GD AWT 2IN RD NKL | 3 |

*This is a true & accurate copy*
*Ronald P Borgio 3/2/06*

SHIPPING ORDER    JAN 28 1977    01    John Jovino Inc, N.Y. NY    SHIPPING NO. H00745



# SMITH & WESSON
### A BANGOR PUNTA COMPANY
### SPRINGFIELD, MASSACHUSETTS 01101
*The Thoroughbred of the Handgun World*

**LIST OF SERIAL NOS.**

ON INVOICE NO. H00745
CUSTOMER: JOHN JOVINO
DATE OF INVOICE: 1-28-77

| QUANTITY | DESCRIPTION | SERIAL NO. | TAX CREDIT DATE | SERIAL NO. | TAX CREDIT DATE |
|---|---|---|---|---|---|
| 2 | M-27 5" BL | N 377 179 / 127 | ✓ ✓ | | |
| 2 | M-27 8 3/8 BL | N 375 016 / 573 | ✓ ✓ | | |
| 3 | M-29 6½ BL | N 369 199 / 789 | ✓ ✓ | N 369 713 | ✓ |
| 2 | M-29 6½ NK | N 358 255 / 266 | ✓ ✓ | | |
| 2 | M-34 2" RBNK | M 54 478 / 319 | ✓ ✓ | | |
| 2 | M-34 2" Sq NK | M 69 543 / 509 | ✓ ✓ | | |
| 10 | M-36 2" RBNK | J 517 874 / 985 / 789 / 173 / 270 | ✓ ✓ ✓ ✓ ✓ | J 517 825 / 939 / 926 / 615 / 158 | ✓ ✓ ✓ ✓ ✓ |
| 2 | M-36 2" Sq NK | J 517 414 / 421 | ✓ ✓ | | |

This is a true & accurate copy
Ronald P Bergio 3/2/06

JAN 28 1977   John Jovino Inc. N.Y, NY    H00745

| SERIAL # | NAME | ADDRESS | AGE | OCCUPATION | AUTHORITY TO POSSESS | DATE | MODEL | CAL |
|---|---|---|---|---|---|---|---|---|
| 4369-913 | Smith & Wesson | Springfield Mass | | s/s | s/s | S&W | 29 | 44 |
| 129 | | | | | | | | |
| 9K4-731 | | | | | | | 65 | 357 |
| 427 | | | | | | | | |
| 067 | | | | | | | | |
| 619 | | | | | | | | |
| 632 | | | | | | | | |
| 797 | | | | | | | | |
| 245 | | | | | | | | |
| 181 | | | | | | | | |
| 679 | | | | | | | | |
| 814 | | | | | | | | |
| N-260-367 | | | | | | | 58 | 41 |
| 527 | | | | | | | | |
| 9K99-393 | | | | | | | 17 | 357 |
| 203 | | | | | | | | |
| T617-421 | | | | | | | 36 | 38 |
| 414 | | | | | | | | |
| T527-150 | | | | | | | | |
| 426 | | | | | | | | |
| 615 | | | | | | | | |
| 173 | | | | | | | | |
| 270 | | | | | | | | |
| 925 | | | | | | | | |
| 875 | | | | | | | | |
| 985 | | | | | | | | |
| 989 | | | | | | | | |
| 939 | | | | | | | | |
| T-519-503 | | | | | | | 38 | 38 |

